BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-02-0184-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 29, 2002


________________________________



ARIE SHALEV, 



 Appellant

v.


THE STATE OF TEXAS


 Appellee

_________________________________



FROM THE COUNTY CRIMINAL COURT AT LAW #13 OF HARRIS COUNTY;



NO. 1058728; HON. MARK ATKINSON, PRESIDING


_______________________________ 


Before BOYD, QUINN, and REAVIS, JJ.

 Arie Shalev (appellant) appeals his conviction for driving while intoxicated. Both
the clerk's and court reporter's records were filed by April 1, 2002. Thus, appellant's brief
was due on May 1, 2002. However, one was not filed on that date. By letter dated May
13, 2002, we notified appellant's counsel, Mike Monks, of the expired deadline and
directed him to respond to our notification of same by Thursday, May 23, 2002, or the
appeal would be abated to the trial court pursuant to Tex. R. App. P. 38.8. May 23, 2002
passed without any response by counsel to our notice, without counsel tendering a brief,
and without counsel filing a motion for extension of time to file a brief. 

 Consequently, we abate this appeal and remand the cause to the County Criminal
Court at Law No. 13 of Harris County (trial court) for further proceedings. Upon remand,
the trial court shall immediately cause notice of a hearing to be given and, thereafter,
conduct a hearing to determine the following:

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and,


 whether appellant has been denied the effective assistance of counsel due
to counsel's failure to timely file a brief. See Evitts v. Lucey, 469 U.S. 387,
394, 105 S. Ct. 830, 834-35, 83 L. Ed. 2d 821, 828 (1985) (holding that an
indigent defendant is entitled to the effective assistance of counsel on the
first appeal as of right and that counsel must be available to assist in
preparing and submitting an appellate brief). 


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal, is indigent, and was denied effective assistance of counsel, then we
further direct the court to appoint new counsel to assist in the prosecution of the appeal. 
The name, address, phone number, telefax number, and state bar number of the new
counsel who will represent appellant on appeal must also be included in the court's
findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed: 1) a supplemental clerk's record containing the findings of fact and conclusions
of law and 2) a reporter's record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's
record to be filed with the clerk of this court on or before June 28, 2002. Should additional
time be needed to perform these tasks, the trial court may request same on or before June
28, 2002.

 It is so ordered.

 Per Curiam



Do not publish.



court's
file does not contain the petition relator claims to have filed, and that he has no
independent recollection of having received such a pleading from relator. 

 Mandamus will issue only to correct a clear abuse of discretion or violation of a duty
imposed by law when there is no adequate remedy by appeal. Walker v. Packer, 827
S.W.2d 833, 837-39 (Tex. 1992) (orig. proceeding). The writ sought by relator here,
directing the consideration of a pleading he has filed with a trial court, would issue only on
a clear showing that the respondent has a legal duty to perform a nondiscretionary or
ministerial act; that he has been requested to perform the act; and that he has refused to
do so. Barnes v. State, 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992) (orig.
proceeding) (citing Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979)). The relator has
the burden to present the appellate court with a record sufficient to establish the right to
mandamus. Walker, 827 S.W.2d at 837-39. Here, relator has failed to meet that burden.

 Naturally, if relator's motion was not properly filed with the district court, the court
can have no duty with respect to it. Moreover, even if relator filed such a motion, he has
not provided this court with a record showing that, after he filed the motion, he asked the
district court for a hearing and a ruling on the motion and the district court refused him such
a hearing and ruling. As in Barnes, the record before us does not reflect that relator has
taken any action to alert the district court that it has not yet considered his motion. Barnes, 
832 S.W.2d at 426. Indeed, we have nothing in the record before us to demonstrate that
the district court even was aware of relator's motion before our request for the court's
response. We have only the statement in relator's petition that he filed with his motion a
request to the district clerk for a hearing date. Such a statement falls considerably short
of the record required to demonstrate relator's entitlement to the extraordinary relief of
mandamus. (3) See In re Chavez, 62 S.W.3d 225, 228 (Tex.App.-Amarillo 2001) (orig.
proceeding); Christensen, 39 S.W.3d at 251; Barnes, 832 S.W.2d at 426. 

 The petition for writ of mandamus is denied. 

 Per curiam. 

1. Tex.R.App.Proc. 47.4.
2. There is authority that indigent criminal defendants are generally not entitled to free
clerk's or reporter's records from their conviction for the purpose of preparing applications
for post-conviction habeas corpus relief. See, In re Trevino, supra; Escobar, supra. We
need not consider here whether relator is entitled to the records he seeks. 
3. On direct appeal of his conviction to this court, appellant's challenges included
claims of ineffective assistance of counsel. After addressing each of the alleged
deficiencies shown in the record, we then considered relator's challenge to the standard
for determining the effectiveness of counsel on direct appeal. He there argued that the use
of a presumption that counsel rendered adequate assistance with respect to any issue not
appearing in the record violated his right to counsel under the sixth amendment to the U.S.
Constitution. Bunch v. State, No. 07-01-171-CR, at 14 (Tex.App.-Amarillo June 3, 2002,
no pet.). This is so, he argued, because the avenue for developing evidence of
ineffectiveness not shown in the record through habeas corpus is inadequate because,
unlike on direct appeal, he would not have assistance of counsel. Id. We noted that this
court is constrained to follow the law as enunciated by the Court of Criminal Appeals,
overruled his challenges, and affirmed his conviction on June 3, 2002. Id. We recognize
that relator's difficulties with this pro se petition may illustrate the concern he expressed on
direct appeal. We cannot excuse relator from the requirement that he demonstrate
entitlement to the relief he requests, though, simply because he is proceeding pro se. See
In re Chavez, 62 S.W.3d 225, 227 (Tex.App.-Amarillo 2001) (orig. proceeding); Barnes,
832 S.W.2d at 426.