NO. 07-03-0366-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 13, 2003



______________________________




IN RE RICHARD VAUGHN COSTON, SR., RELATOR


_________________________________




Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator Richard Vaughn Coston, Sr., seeks a writ of mandamus ordering
respondent, the Honorable Tom Neely, Judge of the 46th District Court of Wilbarger
County, to set, hear and rule on pending motions, requests and an attorney's affidavit. We
deny the petition. 

 On August 7, 2003, relator filed with the clerk of this court pleadings entitled Motion
for Leave of Court to File an Original Petition for the Writ of Mandamus and a Petition for
Writ of Mandamus. In the pleadings, which we construe together as a petition for writ of
mandamus, see Tex. R. App. P. 52.1, 52.3, relator alleges that Judge Neely has
established a protracted history of failing to provide settings, hold hearings, make rulings
or enter appealable orders on motions and documents filed by relator. Relator lists in his
pleadings several requests made for actions to be taken by different persons and officials. 

 In support of the petition for writ of mandamus, relator attached copies of what he
labels as "stipulated documents" addressed to various clerks, attorneys, and the Court of
Criminal Appeals. None of the documents are certified or verified as correct. No other
document or record of proceedings is attached to or furnished in support of the petition. 

 When petition for writ of mandamus is made, it is the relator's burden to show
entitlement to the relief being requested. See generally Johnson v. Fourth District Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the
petition a certified sworn copy of every document that is material to relator's claim for relief
and that was filed in any underlying proceeding, and a properly authenticated transcript of
any relevant testimony from any underlying proceeding including any exhibits offered in
evidence or a statement that no testimony was adduced in connection with the matter
complained of. Tex. R. App. P. 52.7(a).

 Relators seeking issuance of a writ of mandamus must satisfy three requirements
to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance;
and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). A court is
not required to consider a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d
20, 49 (Tex.App.--Houston[1st Dist.] 1994, writ denied). 

 Relator's petition contains only allegations. Certified, sworn copies of motions and
correspondence referenced in the petition are not attached or furnished, nor is any other
document or transcript. Nor has relator shown a demand for performance of a ministerial
duty made to respondent. Relator has not presented a record which shows entitlement to
the relief sought, or upon which we are authorized to act.

 The petition for writ of mandamus is denied.

 

 Phil Johnson

 Chief Justice








enying appellant's motion for directed verdict which contended that the evidence
was legally and factually insufficient to support the verdict. We affirm.

Outcry Witness Testimony


 With proper notice to the accused, an initial out-of-court statement made by a victim
of a sexual offense, twelve years or younger, describing the offense is not excluded as
hearsay if the statement was made to a person eighteen years old or older. See Tex.
Code Crim Proc. Ann. art. 38.072 § 2 (Vernon 2005). A trial court's determination as to
admissibility of the testimony of an outcry witness is subject to review for abuse of
discretion. See Garcia v. State, 792 S.W.2d 88, 92 (Tex.Crim.App. 1990). A reviewing
court should not reverse a trial judge whose ruling was within the zone of reasonable
disagreement. Green v. State, 934 S.W.2d 92, 102 (Tex.Crim.App. 1996).

 During the trial, Rodriguez testified that V.E. spoke to her on May 7, 2004 and
described to her how appellant had touched V.E.'s private parts and how appellant made
V.E. touch his privates. Further, Rodriguez testified that V.E. stated that appellant would
pull down her panties and get on top of her which could indicate sexual intercourse. We
conclude that V.E.'s outcry statements to Rodriguez referenced, at most, the offenses of
indecency with a child by sexual contact and aggravated sexual assault by penetration. 
See Tex. Pen. Code Ann. §§ 21.11 & 22.021(a)(1)(B)(i) (Vernon 2003 & Vernon Supp.
2006). In contrast, Acker's testimony referred to V.E.'s outcry describing appellant placing
his mouth on the child's genitals. The outcry statement was revealed by V.E. to Acker
during a counseling session. Acker's testimony of V.E.'s outcry alleged the offense of
aggravated sexual assault by oral contact. See Tex. Pen. Code Ann. § 22.021(a)(1)(B)(iii)
(Vernon Supp. 2006).

 Appellant contends that Acker's statement simply expands on Rodriguez's testimony
of the incident of May 6th, and added nothing substantially new. Hence, appellant contends
that Acker should not have been allowed to testify about V.E.'s outcry to her. However,
V.E.'s outcry to Acker alleged the commission of another offense. Therefore, Acker's
statement can be classified as an outcry witness statement. See Tear v. State, 74 S.W.3d
555, 559 (Tex.App.-Dallas 2002, pet. ref'd). In compliance with section 2(a) of article
38.072 of the Texas Code of Criminal Procedure, the State gave appellant notice of its
intent to use the two statements as outcry witness statements more than fourteen days
prior to trial, provided appellant's trial counsel a written summary of the statements, and
the victim was available and testified during the trial. Hence, we conclude that the trial
court did not err in allowing both Rodriguez and Acker to testify as outcry witnesses. We
overrule appellant's first issue. 

Exclusion of Testimony of Brother's Bad Acts


 Next, appellant contends that the trial court erred in excluding testimony regarding
specific conduct by V.E.'s brother necessary to refute V.E.'s identification of appellant as
the perpetrator of the sexual assaults. A trial court's decision to admit or exclude evidence
is reviewed under an abuse of discretion standard. See Green, 934 S.W.2d at 102. In
order to properly preserve a complaint, a party must state the grounds for the ruling that
the complaining party sought from the trial court with sufficient specificity to make the trial
court aware of the complaint. See Tex. R. App. P. 33.1(a)(1)(A); Reyna v. State, 168
S.W.3d 173, 177-78 (Tex.Crim.App. 2005). Generally, evidence of a person's character
or character trait is not admissible for the purpose of proving action in conformity therewith
on a particular occasion. Tex. R. Evid. 404(b). However, evidence of crimes, wrongs, or
acts may be admissible for other purposes, such as proof of motive, opportunity, intent,
preparation, plan, knowledge, identity, or absence of mistake or accident. Id.

 At trial, appellant sought to admit testimony from V.E.'s brother relating to specific
conduct he allegedly committed against appellant's biological daughter during the summer
of 2002. The State objected to the testimony under Rule 404(b) of the Texas Rules of
Evidence as inadmissible character conformity evidence. Appellant's stated reason for
seeking the admission of such testimony was:

I believe it is relevant in that it shows an activity on his part that is before the
jury that they need to consider as far as acting with conformity of a particular
pattern on his part. The Defense is wanting to show that this was not an
isolated incident in regards to [V.E.] 


Appellant did not raise the issue of identity when the trial court requested a response to the
State's 404(b) objection. In fact, appellant's stated reason for seeking the brother's
testimony was to establish the brother's alleged propensity to commit sexual offenses, the
purpose specifically prohibited by Rule 404(b). Since appellant did not raise the identity
exception to the general rule of inadmissible character conformity evidence, appellant
failed to preserve any complaint regarding the admissibility of the evidence as relevant to
the issue of identity and has waived the issue. See Kennedy v. State, 193 S.W.3d 645,
650 (Tex.App.-Fort Worth 2006, pet. ref'd). See also Broxton v. State, 909 S.W.2d 912,
918 (Tex.Crim.App. 1995) (en banc) (to preserve error for appellate review, complaint on
appeal must comport with objection at trial and an objection stating one legal theory may
not be used to support a different legal theory on appeal). We overrule appellant's second
issue.

Sufficiency of the Evidence


 Finally, appellant contends that the evidence is both legally and factually insufficient
to support his convictions and that the trial court erred in denying his motion for directed
verdict. When reviewing challenges to both the legal and factual sufficiency of the
evidence to support the verdict, we first review the legal sufficiency challenge. See Clewis
v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996) (en banc). If the evidence is legally
sufficient, we then review the factual sufficiency challenge. See id.

 In assessing the legal sufficiency of the evidence, we review all the evidence in the
light most favorable to the verdict to determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an
appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict
unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno
v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

 Appellant does not contest that V.E. was the victim of inappropriate sexual contact
and aggravated sexual assault. Rather, appellant contends that the circumstances
surrounding the assaults were not conducive to a proper identification and that V.E.'s
brother was the perpetrator. However, reviewing the evidence in the light most favorable
to the verdict, we recall that V.E. specifically testified that appellant was the person that
sexually abused her and that he touched her privates on numerous occasions, between
ten to twenty times. When asked whether her brothers had ever touched her
inappropriately, V.E. specifically denied that anyone else had ever touched her private
parts. Further, V.E. testified that the assaults took place in appellant's bedroom when her
mother was away. Although the evidence did indicate that the room was dark and that the
victim would close her eyes during the assaults, V.E. unequivocally named appellant as
the perpetrator and did not hesitate in her identification of appellant. We conclude that the
jury's verdict is supported by more than a mere modicum of evidence and that a rational
trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Therefore, we conclude that the trial court did not err in denying appellant's request
for a directed verdict based on the legal sufficiency of the evidence.

 Having determined that the evidence was legally sufficient to support appellant's
conviction, we now turn to the factual sufficiency of the evidence. When an appellant
challenges the factual sufficiency of the evidence supporting his conviction, the reviewing
court must determine whether, considering all the evidence in a neutral light, the jury was
rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson
v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency
review, we must give deference to the fact finder's determinations if supported by evidence
and may not order a new trial simply because we may disagree with the verdict. See id.
at 414. As an appellate court, we are not justified in ordering a new trial unless there is
some objective basis in the record demonstrating that the great weight and preponderance
of the evidence contradicts the jury's verdict. See id. at 417. Additionally, an appellate 
court addressing factual sufficiency must include a discussion of the most important
evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d
600, 603 (Tex.Crim.App. 2003).

 Again, appellant's primary contention is that V.E. was unable to identify the person
assaulting her because of the conditions during the assaults. The evidence showed that
the windows in the room were covered by black cardboard and that V.E. could not identify
the perpetrator by voice. Further, appellant points out that V.E. testified that she would
close her eyes or be partially asleep and, thus, was unable to make a positive identification
of the person that assaulted her. Overall, V.E. could not and did not disclose how she was
able to make a positive identification of the person that assaulted her. Therefore, appellant
contends that, considering the evidence in a neutral light, the evidence is factually
insufficient to support appellant's conviction.

 However, in addition to the evidence appellant relies on, the jury also heard V.E.
identify appellant as the person who assaulted her. Further evidence established that
appellant would occasionally carry V.E. to his bedroom, ask V.E. to go to his bedroom, or
ask V.E. to sleep in his bed. The following testimony was elicited from the victim:

Defense counsel: "If you never opened your eyes, how did you know who
was doing this?"


V.E.: "Because he [appellant] was the only one that ever did that to me."

* * * 


State: "Who is the only person who has ever touched you on your privates
other than your mom when she was giving you a bath . . ."


V.E.: "Jose [appellant]."

State: "Has anybody else ever touched you in a bad way other than Jose?" 
V.E.: "No."

* * * 


State: "How do you know it was Jose that carried you from your room to his?"

V.E.: "Because in the morning, I would wake up and he would be there."

State: "Okay. Did you ever see him carry you into his room?" 

V.E.: "Yes."

 Appellant is correct that the victim was never able to state how she was able to
make her identification of appellant as the person committing the offenses. However, the
victim never wavered in her identification, and denied anyone else ever having touched her
in a "bad way." We do not see how, even if the victim is unable to say how she can identify
appellant, the evidence undermines the victim's identification of appellant as the person
committing the offenses. The assaults took place in appellant's bedroom when Rodriguez
was working, appellant was the only person to carry V.E. to the bedroom, and appellant
would be in the room in the morning after the assaults took place. Although V.E.'s
testimony varied depending on whether the defense counsel or the prosecutor was
questioning her, the jury is entitled to judge the credibility of each witness. See Johnson
v. State, 23 S.W.3d 1, 8 (Tex.Crim.App. 2000). In reviewing the evidence in a neutral light
and, deferring to the jury's determination of the witness's credibility, we conclude that the
evidence supports the jury's verdict and that the jury was rationally justified in finding 
appellant guilty beyond a reasonable doubt. See Watson, 204 S.W.3d at 415. We
overrule appellant's contention regarding the sufficiency of the evidence.


Conclusion


 For the foregoing reasons, we affirm the trial court's judgment. 


 Mackey K. Hancock

 Justice










Do not publish. 

 




1. Although appellant's brief alludes to constitutional violations of appellant's right of
confrontation, due process, and equal protection, as well as ineffective assistance of trial 
counsel, appellant does not refer to the record nor cite any legal authority to support these
issues. Therefore, we deem these issues waived. See Tex. R. App. P. 38.1(h); Tong v.
State, 25 S.W.3d 707, 710 (Tex.Crim.App. 2000).