NO. 07-03-0366-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 13, 2003

_____

IN RE RICHARD VAUGHN COSTON, SR., RELATOR
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Relator Richard Vaughn Coston, Sr., seeks a writ of mandamus ordering respondent, the Honorable Tom Neely, Judge of the 46th District Court of Wilbarger County, to set, hear and rule on pending motions, requests and an attorney's affidavit. We deny the petition.

On August 7, 2003, relator filed with the clerk of this court pleadings entitled Motion for Leave of Court to File an Original Petition for the Writ of Mandamus and a Petition for Writ of Mandamus. In the pleadings, which we construe together as a petition for writ of mandamus, see TEX. R. APP. P. 52.1, 52.3, relator alleges that Judge Neely has established a protracted history of failing to provide settings, hold hearings, make rulings

or enter appealable orders on motions and documents filed by relator. Relator lists in his pleadings several requests made for actions to be taken by different persons and officials.

In support of the petition for writ of mandamus, relator attached copies of what he labels as "stipulated documents" addressed to various clerks, attorneys, and the Court of Criminal Appeals. None of the documents are certified or verified as correct. No other document or record of proceedings is attached to or furnished in support of the petition.

When petition for writ of mandamus is made, it is the relator's burden to show entitlement to the relief being requested. See generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the petition a certified sworn copy of every document that is material to relator's claim for relief and that was filed in any underlying proceeding, and a properly authenticated transcript of any relevant testimony from any underlying proceeding including any exhibits offered in evidence or a statement that no testimony was adduced in connection with the matter complained of. TEX. R. APP. P. 52.7(a).

Relators seeking issuance of a writ of mandamus must satisfy three requirements to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). A court is not required to consider a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.--Houston[1st Dist.] 1994, writ denied).

Relator's petition contains only allegations. Certified, sworn copies of motions and correspondence referenced in the petition are not attached or furnished, nor is any other document or transcript. Nor has relator shown a demand for performance of a ministerial duty made to respondent. Relator has not presented a record which shows entitlement to the relief sought, or upon which we are authorized to act.

The petition for writ of mandamus is denied.


Phil Johnson
Chief Justice