NO. 07-03-0542-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 20, 2004

______________________________

IN RE RAYMUNDO LEYVA, RELATOR

_________________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

ON PETITION FOR WRIT OF MANDUMUS

Relator Raymundo Leyva seeks a writ of mandamus ordering respondent, the Honorable Jack R. Miller, allegedly Judge of the 64
th
 District Court of Hale County, to take action on a motion filed by relator in cause number A13183-9809 in the District 64
th
 District Court of Hale County.  We deny the petition. 

In his petition, relator alleges that he has filed a motion to expunge the record of a criminal charge of escape.  The charge was dismissed on motion of the State based upon relator’s guilty plea to capital murder.  We are requested to order respondent to rule on the motion to expunge.  

In support of the petition for writ of mandamus, relator attached copies of (1) the State’s Motion to Dismiss and the Order dismissing the referenced cause, (2) relator’s Petition for Expunction, and (3) a letter to the Hale County District Clerk filing the petition and requesting notification of any rulings on the motion.  No other document or record of proceedings is attached to or furnished in support of the petition. 

           When petition for writ of mandamus is made, it is the relator’s burden to show entitlement to the relief being requested.  
See
 
generally
 
Johnson v. Fourth District Court of Appeals
, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). 
 
Relators seeking issuance of a writ of mandamus must satisfy three requirements to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act.  
Stoner v. Massey
, 586 S.W.2d 843, 846 (Tex. 1979).  
A court is not required to consider a motion not called to its attention.  
Metzger v. Sebek
, 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994, writ denied).
 

Relator’s petition does not demonstrate that his motion has been called to respondent’s attention or presented to respondent for a ruling.  Relator has not presented a record which shows respondent has refused to act, thus relator has not shown entitlement to the relief sought.

The petition for writ of mandamus is denied.

Phil Johnson

Chief Justice

 counsel.  However, counsel then satisfactorily explained why each argument lacked merit.  We have also conducted our own review of the record, 
see Stafford v. State, 
813 S.W.2d 503 (Tex. Crim. App. 1991), and failed to uncover any reversible error.  

Accordingly, the motion to withdraw is granted, and the judgment is affirmed.

Brian Quinn 

          Chief Justice

Do not publish.