IN RE: HOLLIS POSEY, RELATOR



NO. 07-03-0518-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 22, 2004



______________________________




IN RE: HOLLIS POSEY, RELATOR




_________________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Relator Hollis Posey seeks a writ of mandamus ordering respondent, the Honorable
Abe Lopez, Judge of the 108th District Court of Potter County, to take action on a motion
filed by relator in cause number 44,635-E in the 108th District Court of Potter County. We
deny the petition. 

 In his petition, relator alleges that he has filed a motion seeking a nunc pro tunc
order in the referenced trial court case. We are requested to order respondent to rule on
the motion seeking a nunc pro tunc order. 

 In support of the petition for writ of mandamus, relator attached copies of (1) the
State's Motion to Dismiss and the Order dismissing the referenced cause, (2) relator's
Petition for Expunction, and (3) a letter to the Hale County District Clerk filing the petition
and requesting notification of any rulings on the motion. No other document or record of
proceedings is attached to or furnished in support of the petition. When petition for writ of mandamus is made, it is the relator's burden to show
entitlement to the relief being requested. See generally Johnson v. Fourth District Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). The showing must, in
part, be by certified, sworn copy of every document that is material to the relator's claim for
relief and which was filed in any underlying proceeding. See Tex. R. App. P. 52.7(a). 
Relators seeking issuance of a writ of mandamus must satisfy three requirements to show
entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance; and (3)
a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). A court is not
required to consider a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d 20,
49 (Tex.App.--Houston[1st Dist.] 1994, writ denied). Showing that a motion was filed with
the court clerk does not constitute proof that the motion was brought to the trial court's
attention or presented to the trial court with a request for a ruling. See In re Chavez, 62
S.W.3d 225, 228 (Tex.App.--Amarillo 2001) (orig. proceeding). 

 Relator's petition does not demonstrate that his motion has been called to
respondent's attention or presented to respondent for a ruling, nor does he present
certified, sworn copies of material documents. Relator has not presented a record which
shows entitlement to the relief sought.

 The petition for writ of mandamus is denied.


 Phil Johnson

 Chief Justice











M>Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). 
 Additionally, the purpose of a pat-down search is to secure officer safety. O'Hara
v. State, 27 S.W.3d 548, 555 (Tex. Crim. App. 2000). So, officers may conduct a limited
search of a suspect's outer clothing when they reasonably believe that the suspect is
armed and dangerous. Carmouche v. State, 10 S.W.3d 323, 329 (Tex. Crim. App. 2000). 
 Moreover, the officer does not have to feel personally threatened or be absolutely certain
that a suspect is armed. Glazner v. State, 175 S.W.3d 262, 265 (Tex. Crim. App. 2005). 
Finally, it is objectively reasonable for a policeman to believe that persons involved in the
drug business are armed and dangerous. Griffin v. State, 215 S.W.3d 403, 409 (Tex.
Crim. App. 2006); see also Wilson v. State, 132 S.W.3d 695, 698 (Tex. App.-Amarillo
2004, pet. ref'd) (holding that encountering someone who is reasonably suspected of
engaging in drug activity can justify a brief and minimally invasive frisk of his person).

 Application of Law to Facts

Appellant contends that the officers lacked reasonable suspicion to initially detain and pat
him down for weapons. Thus, evidence regarding the officer's perception of the marijuana
odor and eventual discovery of the cocaine allegedly had to be suppressed. We disagree. 

 The surveillance undertaken by the officers, the criminal history surrounding the
locale, the officers' perception of what was occurring at the apartment, their interpretation
of that activity given their experience, the involvement of appellant's companion with drugs
(and the officers' knowledge of that), and the time of night were circumstances upon which
an officer could reasonably infer that criminal activity (i.e. drug trafficking) was afoot. 
Those same indicia coupled with the nature of the clothes being worn (i.e. clothes that
were sufficiently baggy to facilitate the hiding of weapons) also comprised evidence from
which an officer could reasonably infer that the detainees may be armed. Because the
record permits such inferences, we cannot say the trial court abused its discretion in
denying the motion to suppress. Accordingly, appellant's issue is overruled, and the order
placing him on deferred adjudication is affirmed.


 Brian Quinn 

 Chief Justice

Do not publish.