NO. 07-03-0518-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 22, 2004

_____

IN RE: HOLLIS POSEY, RELATOR

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator Hollis Posey seeks a writ of mandamus ordering respondent, the Honorable Abe Lopez, Judge of the 108th District Court of Potter County, to take action on a motion filed by relator in cause number 44,635-E in the 108th District Court of Potter County. We deny the petition.

In his petition, relator alleges that he has filed a motion seeking a nunc pro tunc order in the referenced trial court case. We are requested to order respondent to rule on the motion seeking a nunc pro tunc order.

In support of the petition for writ of mandamus, relator attached copies of (1) the State's Motion to Dismiss and the Order dismissing the referenced cause, (2) relator's Petition for Expunction, and (3) a letter to the Hale County District Clerk filing the petition and requesting notification of any rulings on the motion. No other document or record of proceedings is attached to or furnished in support of the petition.

When petition for writ of mandamus is made, it is the relator's burden to show entitlement to the relief being requested. See generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). The showing must, in part, be by certified, sworn copy of every document that is material to the relator's claim for relief and which was filed in any underlying proceeding. See TEX. R. APP. P. 52.7(a). Relators seeking issuance of a writ of mandamus must satisfy three requirements to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). A court is not required to consider a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.--Houston[1st Dist.] 1994, writ denied). Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. See In re Chavez, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001) (orig. proceeding).

Relator's petition does not demonstrate that his motion has been called to respondent's attention or presented to respondent for a ruling, nor does he present certified, sworn copies of material documents. Relator has not presented a record which shows entitlement to the relief sought.

The petition for writ of mandamus is denied.


Phil Johnson
Chief Justice