**James T. DOSS et ux., Appellants,**

**v.**

**M. I. HONEYCUTT, Appellee.**

**No. 4513.**

Court of Civil Appeals of Texas.

Waco.

July 28, 1966.

Rehearing Denied Sept. 22, 1966.

Luna & Vaughan, Kenneth Vaughan, Dallas, for appellants.

Harless, Bailey & Youngblood, Bill W. Bailey, Dallas, for appellee.

## OPINION

WILSON, Justice.

This action is in trespass to try title by Honeycutt against Doss, who answered by the statutory plea of not guilty, and a prayer for cancellation of a contract of sale note and deed of trust on the ground plaintiff had represented the land described was not encumbered by a vendor's lien. There was also a cross-action in trespass to try title and a count seeking cancellation, alleging Doss had paid more than the amount required by the contract of sale, and that Honeycutt had attempted foreclosure of the deed of trust on six lots before the note was due. The jury returned a negative answer to an issue inquiring whether Honeycutt had represented the title was unencumbered. This finding is not attacked. The remainder of the verdict concerned damages for rental values. Honeycutt obtained judgment for title and possession of the property. We affirm in part, and in part reverse and render judgment.

Doss, in the conclusion to his brief, summarizes his contentions: (1) Honeycutt's foreclosure under the deed of trust was premature, and (2) a $6000 note he executed should be cancelled.

The initial points are that appellants' motion for instructed verdict should have been granted because the deed of trust lien was foreclosed before the note was due, and when there was no default; because no demand for payment or notice of acceleration was given; and that pendente lite there had been foreclosure of a lien on apartment property securing a previous indebtedness.

By the contract of sale Doss agreed to purchase the apartment property for $44,500, of which $3000 was paid in cash. The balance of $41,500 was payable in monthly installments of $297.33 beginning August 1, 1961. It was agreed further that when Doss had paid to Honeycutt "$5,500 principal on the balance owing, which said sum would make a balance owing seller in the sum of $36,000", the apartment property would be conveyed by deed and a title policy furnished. Doss also agreed to "assign" to Honeycutt a note "secured by" six lots, "not as a sale of the note, but as 'Additional Collateral' put up by the purchaser to secure the indebtedness owed the seller." (There was no "assignment", and the parties offer no explanation of the provision).

Doss executed at the same time a $6000 note payable on or before June 21, 1967, secured by deed of trust on the six lots providing for accelerated maturity at holder's option, in case of default in payment of the indebtedness, without demand, presentment or notice. It required Doss to pay taxes on the six lots.

Doss also agreed to pay "the total sum of at least $6,000 on the unpaid indebtedness on or before six years from" July 1, 1961, at which time it was stipulated Honeycutt would "release the note on the six lots". The latter agreement, it was recited, "does not operate against the usual monthly payments".

The six lots were conveyed to Honeycutt by trustee's deed reciting sale under power in the deed of trust held on January 5, 1965. It was stipulated Doss was the common source of title to the apartment property and the six lots.

■ On December 15, 1964 Honeycutt notified Doss by letter that since he was in default of monthly payments under the contract of sale the contract would be declared forfeited in ten days. On February 1, 1965 Doss was notified by Honeycutt that the contract was "declared forfeited." It was established without controversy that Doss defaulted in the monthly payments required by the contract of sale after October, 1964. This evidence, prima facie, established Honeycutt's right to judgment for title to the apartment property.

Because there is testimony in the record indicating that the holder of a prior deed of trust on the apartment property executed by Honeycutt had been foreclosed after this suit was instituted, Doss argues that he established an outstanding title precluding recovery by Honeycutt in trespass to try title. The rule is otherwise; plaintiff's judgment here inures to the benefit of his grantee if title was transferred pendente lite. Heard v. Vineyard, Tex.Com.App., 212 S.W. 489; Tex.Jur.2d Sec. 8, p. 75.

In our opinion the judgment for appellee as to the apartment property should be affirmed.

Honeycutt's answers to the contention that his trustee's deed to the six lots was by virtue of foreclosure of a lien securing a debt not due, are: (1) The note recites it is "additional security in connection with the contract of sale," and the note was "intended to represent the deferred down payment" of $5500 under the contract of sale; and since there was a default in payment under that contract, acceleration of maturity was authorized under the deed of trust; and (2) Doss failed to pay taxes on the lots.

As to the first answer, when the note is considered in connection with the contract of sale and the deed of trust, acceleration was not authorized. The deed of trust did not secure payment of the monthly installments, nor authorize foreclosure under the power of sale in case of default in such payments. It secured payment of the $6000 note. The note was not in default.

The deed of trust required Doss to keep the taxes paid. The only evidence as to non-payment of taxes is the testimony of Mrs. Doss that she did not pay the taxes for 1964 because Honeycutt had taken possession before they were due. Honeycutt testified that he paid the taxes on February 20, 1965. The deed of trust provided that recitals in the trustee's deed should evidence the truth thereof, and it should be presumed that all prerequisites of sale were performed. The trustee's deed recited a default in the payment of "indebtedness" set out in the deed of trust. It contains no recital as to non-payment of taxes, and the sale does not purport to be authorized on this ground.

In our opinion the judgment awarding to Honeycutt title to the six lots is not authorized because the sale on which Honeycutt's title rests was not authorized. That portion of the judgment is severed, and judgment is rendered that plaintiff take nothing as to lots 7, 8, 9, 18, 19 and 20, Block E/7590 of Beckley Gardens Addition, City of Dallas, Dallas County, Texas. The judgment is affirmed as to the apartment property, lot 6, Block 23/3276, Winnetka Heights Addition to said City of Dallas.

This judgment leaves appellants' cross-action for cancellation of the $6000 note and deed of trust on the ground of payment undisposed of. The contract of sale provides Doss is to pay $6000 "on the unpaid indebtedness" on or before July 1, 1967, whereupon "seller agrees to release the note on the six lots". The provision is qualified: "This clause does not operate against the usual monthly payments". Appellant paid to Honeycutt a total of $11,-595.87 while collecting and retaining rents from the apartment. From the ambiguous quoted provision the record presented does not enable us to ascertain the intent of the parties or whether the note has been paid so as to authorize cancellation on that ground. Since appellant has rescinded or declared "forfeited" the contract, however, the note and deed of trust which were admittedly parts of the single, unified and entire contract, are without further effect. Roberts v. Lovejoy, 25 Tex. (Supp.) 437; O'Con v. Hightower, Tex.Civ.App., 268 S. W.2d 321, writ ref. Judgment is here rendered declaring the note and deed of trust on the six lots to be without further force or effect. Other points are overruled. The remainder of the judgment is affirmed. Costs on appeal are adjudged one-half against appellants, one-half against appellee.