**M. I. HONEYCUTT, Petitioner,**

v.

**James T. DOSS et ux., Respondents.**

**No. A–11755.**

Supreme Court of Texas.

Dec. 31, 1966.

Rehearing Denied Feb. 15, 1967.

Harless, Bailey & Youngblood, Bruce Youngblood, Dallas, for petitioner.

Luna & Vaughan, Kenneth Vaughan, Dallas, for respondents.

PER CURIAM.

Our jurisdiction to consider the application for writ of error in this case is challenged by respondent on the ground that it was not timely filed.

The court of civil appeals rendered judgment and filed an opinion in the case on July 28, 1966. See 406 S.W.2d 504. On August 12th our petitioner, M. I. Honeycutt, filed his motion for rehearing which was overruled by the court of civil appeals on September 22d with a "memorandum opinion" reading as follows:

"On page 1 of the opinion 'Honeycutt' is substituted for 'Doss' in the third line from the bottom. On page 3, paragraph 2, 'Doss' is substituted for 'Honeycutt.' Appellee's motion for rehearing is overruled."

On October 3d Honeycutt filed a second motion for rehearing which was overruled on October 6th without further writing. Application for writ of error was filed by

Honeycutt in the court of civil appeals on November 7th.

■ Rule 468, Texas Rules of Civil Procedure, provides:

"The application shall be filed with the clerk of the Court of Civil Appeals within thirty days after the overruling of the motion for rehearing, or within thirty days after the overruling of a final motion for rehearing if filed under Rule 458, provided that when the thirtieth day falls on Saturday, Sunday or a legal holiday the petition may be filed on the next day following which is neither a Saturday, Sunday nor a legal holiday."

Timely filing of an application is jurisdictional. Reynolds v. Dallas County, 146 Tex. 372, 207 S.W.2d 362 (1948). If the time within which Honeycutt was required to file his application began to run when his first motion for rehearing was overruled on September 22d, the application was not timely filed. If, on the other hand, the time began to run when his second motion was overruled on November 7th, the application was filed in time. Whether the time began to run when the first motion was overruled or when the second motion was overruled is governed by the second paragraph of rule 458, Texas Rules of Civil Procedure, which reads:

"If the Court of Civil Appeals hands down an opinion in connection with the overruling of a motion for rehearing, a further motion for rehearing may, if the losing party deems same necessary, be filed within fifteen days after such opinion is handed down and the above regulations and those of Rules 460 and 468 shall apply to it as though it were the first motion; but a further motion for rehearing shall not be made as a matter of right in any other case."

Respondent contends that the quoted provision does not authorize the filing of a further motion for rehearing as a matter of right when a court of civil appeals hands down an opinion in connection with an order overruling a motion for rehearing; that authority to file a further motion is authorized only when there is something in the opinion which will reasonably form a basis for a conclusion that one is necessary. The question presented by this argument has not heretofore been decided. We expressly left it open in Oil Field Haulers Ass'n v. Railroad Comm'n, Tex., 381 S.W.2d 183, 188 (1964).

■ To put the matter at rest, we hold that when a court of civil appeals hands down an opinion in connection with an order overruling a motion for rehearing, rule 458 authorizes a losing party to file a further motion for rehearing as a matter of right if he deems one necessary, whether or not there is any sound or reasonable basis for his conclusion. Accordingly we hold that we have jurisdiction to consider Honeycutt's application for writ of error in this case although the memorandum opinion quoted above could in no possible way have formed a basis for a reasonable belief or conclusion by him that one was necessary.

Having taken jurisdiction, we refuse the application, no reversible error. Rule 483, Texas Rules of Civil Procedure.