William Howard STONER, Relator,

v.

Honorable Frank A. MASSEY et al., Respondents.

No. B–7884.

Supreme Court of Texas.

June 13, 1979.

Rehearing Denied July 18, 1979.

Seary, Gwinn, Crawford, Mebus & Blakeney, Robert A. Gwinn, Thomas E. Kurth and Charles L. Perry, Dallas, for relator.

Gray, Whitten & Loveless, Jack W. Gray, John L. Sullivan and Michael J. Whitten, Denton, for respondents.

CAMPBELL, Justice.

The opinion of the Court delivered March 14, 1979, is withdrawn. The following is now the opinion of the Court.

This is a mandamus action brought by William Howard Stoner wherein Willa Hudgins has intervened. Hudgins obtained judgment against Stoner in the trial court and Stoner perfected an appeal to the Court of Civil Appeals, Second Supreme Judicial District. The Court of Civil Appeals wrote three opinions, the first dated May 25, 1978. Both parties filed motions for rehearing and on June 22 the court handed down its second opinion which reversed and remanded the cause for another trial, suggested a remittitur by Hudgins as a basis for reforming and affirming the trial court, and taxed all costs against Hudgins. *Stoner v. Hudgins,* 568 S.W.2d 898.

Both parties filed second motions for rehearing and Hudgins also filed, in the alternative, a remittitur. On July 27 the court handed down a third opinion entitled "Supplemental Opinion on Motion for Rehearing." A new judgment was rendered which provided:

. . . the judgment of this court on June 22, 1978, which reversed and remanded the cause for another trial is set aside and vacated with judgment reforming that of the trial court as to amount substituted therefor, with attendant opinion dated June 22, 1978 left undisturbed, although supplemented by opinion dated July 27, 1978.

It is hereby ordered that no further motion for rehearing will be entertained in this cause; none may be filed.

It is further ordered that all costs incurred by reason of this appeal be taxed one-half against the appellant, William Howard Stoner, and his surety, Federal Insurance Company, and one-half against the appellee, Willa Hudgins, for which let execution issue, and that this decision be certified below for observance.

Stoner timely tendered a third motion for rehearing with three points of error complaining of the adjudging of one-half of the costs to him. The clerk refused to file the motion. Hudgins did not tender a third motion, but instead filed an application for writ of error to this Court.

Stoner now requests this Court to issue a writ of mandamus to the Honorable Frank A. Massey, Joe Spurlock and William A. Hughes, Jr., of the Court of Civil Appeals and Yvonne Palmer, Clerk, requiring them to file and rule on his third motion for rehearing. Hudgins, by way of intervention, asks that the Court of Civil Appeals be directed by mandamus to vacate that portion of the July 27 order prohibiting the entertainment or filing of third motions for rehearing. In addition, she asks that both parties be allowed to amend their respective applications for writ of error to show reference to their assignments of error as being germane to the third motions for rehearing.

The questions for this Court to decide are: (1) Does the last judgment require the filing of a third motion for rehearing in order for this Court to obtain jurisdiction of the appeal. (2) Is Stoner entitled to a writ of mandamus directing the filing and ruling of his tendered but not filed third motion for rehearing. (3) Is Hudgins entitled to a writ of mandamus directing the Court of Civil Appeals to set aside that portion of the July 27 judgment directing that no further motions for rehearing be filed and allowing her to file a third motion for rehearing within 15 days from the date of such directive.

■ The third judgment did require a motion for rehearing in order for the Supreme Court to have jurisdiction of an appeal. Rule 458, Tex.R.Civ.P., provides that if the Court of Civil Appeals hands down an opinion in connection with the overruling of a motion for rehearing, a further motion for rehearing may, if the losing party deems same necessary, be filed within 15 days after such opinion is handed down. This may be done as a matter of right whether or not there is any sound or reasonable basis for the conclusion that a further motion is necessary. *Honeycutt v. Doss,* 410 S.W.2d 772 (Tex.1966). This right must be protected because a new or further motion for rehearing is impliedly always required when a prior motion is granted and the judgment is vacated and new judgment is entered. *Oil Field Haulers Association v. Railroad Commission,* 381 S.W.2d 183 (Tex.1964).

■ By its third judgment the court vacated its prior judgment. The new judgment accepted the remittitur filed by Hudgins and adjudged costs 50% to each party. This new judgment is the final judgment for purposes of appeal, *City of West Lake Hills v. State ex rel. City of Austin,* 466 S.W.2d 722 (Tex.1971), and it was necessary for the parties to file third motions for rehearing in order for this Court to obtain jurisdiction.

■ The order prohibiting the filing of further motions for rehearing is one which

the Court of Civil Appeals was not authorized to enter. The failure of a court to observe a mandatory statutory provision conferring a right or forbidding particular action will render its order or judgment invalid and this Court has the power through an exercise of its original jurisdiction to order a trial court to vacate and expunge an invalid order. *State Board of Insurance v. Betts,* 158 Tex. 612, 315 S.W.2d 279 (1958). This rule also applies to invalid orders of the Courts of Civil Appeals. Art. 1733, V.A.T.S.

■ There are three requisites to a mandamus: a legal duty to perform a nondiscretionary act; a demand for performance and a refusal. The duty to file the motion is that of the clerk, rather than the court. Rule 458, Tex.R.Civ.P. Mandamus will issue to compel the clerk of a Court of Civil Appeals to file a motion for rehearing, *Roth v. Murray,* 105 Tex. 6, 141 S.W. 515 (1911), if a motion is timely presented to the clerk and filing is denied. *Hursey v. Bond,* 141 Tex. 337, 172 S.W.2d 305 (1943).

On July 31, Stoner mailed a letter to the clerk, with a copy to Hudgins, enclosing his third motion for rehearing and a letter brief setting out the necessity for filing a third motion for rehearing under Rule 458, Tex.R.Civ.P. On August 3 Stoner personally presented the motion to the clerk and court and filing was refused in writing. Hudgins was mailed a copy of this refusal. On August 28 Stoner and Hudgins filed applications for writ of error. Stoner assigned error to the invalid order and the clerk's refusal to file the motion for rehearing and alternatively requested leave to file a petition for mandamus. On December 20 we granted leave to Stoner to file the petition for mandamus with leave to intervene granted to Hudgins.

On December 26 Stoner filed his petition for mandamus to require respondents to file and rule on his motion. Hudgins has not presented a third motion and it was not until January 5 that she filed her petition for mandamus in which she stated:

In obedience to this direct and unequivocal order of the Court of Civil Appeals, the Intervenor-Appellee did not file a further Motion for Rehearing, which Appellee would have filed, but for said direct Order, although Intervenor-Appellee believed, and now believes, that no further Motion for Rehearing was required under Rule 458, T.R.C.P.

■ The order of July 27 prohibiting the entertainment or filing of further motions for rehearing is one which the Court of Civil Appeals was not authorized to enter. Petitioner Stoner is entitled to a writ of mandamus directing the clerk to file and the Court to consider his third motion for rehearing. This writ shall be issued should the Second Court of Civil Appeals and the clerk fail to act in accordance with this opinion.

■ The final issue we must decide is whether Hudgins should also be granted relief. While it is true that Hudgins did not attempt to file a third motion for rehearing, it would have been pointless to make such an attempt in view of the language of the last judgment of the Court of Civil Appeals. The action of the clerk in refusing to file Stoner's third motion makes that conclusion all the more certain. We therefore hold that Hudgins is also entitled to a writ of mandamus.

It is to be stressed that this is a mandamus proceeding. We are not acting upon an application for writ of error, and we do not overrule our holdings in *Oil Field Haulers Association v. Railroad Commission,* 381 S.W.2d 183 (Tex.1964), or *Honeycutt v. Doss,* 410 S.W.2d 772 (Tex.1966), with respect to the necessity of filing motions for rehearing as a predicate for Supreme Court review. It is true that Hudgins did not file a third motion for rehearing, but this failure must be viewed in light of the language in the Court of Civil Appeals judgment denying the entertainment or filing of such motions. She should not be penalized for obeying the orders of the Court of Civil Appeals.

We hold invalid the portion of the Court of Civil Appeals judgment denying the entertainment or filing of third motions for

rehearing. The clerk is directed to file the motion for rehearing tendered by Stoner and the Court of Civil Appeals is directed to consider and rule upon it. Hudgins has 15 days from the effective date of the judgment rendered pursuant hereto to file a motion for rehearing in the Court of Civil Appeals. Should she attempt to file such motion, the clerk is directed to allow the filing and the Court of Civil Appeals is directed to consider and rule upon same.

Dissenting Opinion by BARROW, J., joined by STEAKLEY, POPE and McGEE, JJ.

Separate Dissenting Opinion by POPE, J.

BARROW, Justice, dissenting.

I respectfully dissent from that part of our judgment which allows intervenor Ms. Hudgins fifteen days from this date to file her motion for rehearing. This holding thereby enlarges the time for filing such motion to a period in excess of 300 days from the date of the court of civil appeals' final judgment, July 27, 1978. Rule 458 [1] requires that a motion for rehearing must be filed within fifteen days from the date of the final judgment and under the clear language of Rule 5 and the prior holdings of this Court, such period is mandatory and we have no discretion to enlarge this time. See *Honeycutt v. Doss,* 410 S.W.2d 772 (Tex.1966); *Smith v. Harris County-Houston Ship Chan. Nav. Dist.,* 160 Tex. 292, 329 S.W.2d 845 (1959); *Reynolds v. Dallas County,* 146 Tex. 372, 207 S.W.2d 362 (1948).

I agree that the court of civil appeals erroneously said in its opinion of July 27, 1978 that:

"No further motion for rehearing in this case will be entertained; none may be filed."

It is now settled law that a dissatisfied litigant has an absolute right to file a motion after the court of civil appeals hands down an opinion in connection with the overruling of a motion for rehearing, *Honeycutt v. Doss, supra*; and must do so as a predicate for appeal if the judgment is

changed in any respect. *Oil Field Haulers Ass'n v. Railroad Commission,* 381 S.W.2d 183 (Tex.1964).

This requirement was recognized by relator Stoner who timely tendered his motion for rehearing to the clerk of the court of civil appeals. Upon the clerk's refusal to file same, Stoner promptly filed this petition for mandamus to compel the clerk to file the required motion and for the court of civil appeals to consider same.

On the other hand, Ms. Hudgins has never tendered a motion for rehearing. She does not have a point in her application for writ of error complaining of the recitation in the court of civil appeals final judgment which states that a further motion for rehearing would not be entertained or filed. It was not until January 5, 1979, almost six months after the final judgment, and then only by alternative prayer in her intervention in Stoner's application for mandamus, did Ms. Hudgins request that she be given an opportunity to file a motion for rehearing. Ms. Hudgins vigorously urges by her intervention that no further motion for rehearing was required after the judgment of July 27 was rendered. The record does not show that she has ever prepared a motion for rehearing, much less that she tried to file one.

I understand the decision confronting both parties after the court of civil appeals rendered the new judgment on July 27. I would suggest however that it is not unusual for advocates to disagree with rulings of trial or appellate courts. In such event, the advocate knows that the record must be protected so that the alleged erroneous action may be subsequently reviewed by the proper forum. It cannot be seriously suggested that Stoner was contemptuous of the ruling of the court of civil appeals when he timely tendered his motion for rehearing and subsequently sought a review of that court's action by his petition for mandamus. In fact, such procedure is suggested by Rules 389 and 389a.

---

1. All references to rules are to Texas Rules of Civil Procedure.

Rule 458 requires that a motion for rehearing be timely filed wherein the assignments of error are distinctly specified. Rule 469(c) provides that the points of error in the application for rehearing must have been assigned as error in the motion for rehearing in the court of civil appeals. Clearly the court of civil appeals has no authority to supersede or change the rules of civil procedure. Yet such result has been accomplished by the majority opinion here which permits the court of civil appeals to nullify the mandatory requirement that the motion for rehearing be timely filed. If this is allowed, it would appear to logically follow that other mandatory provisions in our rules of civil procedure might be nullified by the erroneous actions of other lower courts.

It is suggested that the erroneous statement by the court of civil appeals that no further motion for rehearing could be filed constitutes *good cause* for enlarging the time for Ms. Hudgins to file a motion for rehearing. Such suggestion overlooks the express provisions of Rule 5 and our prior decisions that the time for filing such a motion *cannot* be extended, even for good cause.

Article 1877, Texas Revised Civil Statutes Annotated governed the practice relating to motions for rehearing prior to the adoption of the Texas Rules of Civil Procedure, effective September 1, 1941. It was held under this statute that the time for filing a motion for rehearing could be extended for good cause. Rule 5 was drafted and adopted to specifically provide that the court "may not enlarge the period for taking any action under the rules relating to new trials or motions for rehearing . . . ."

In *Reynolds v. Dallas County, supra,* this Court was squarely presented with the question of whether we had authority under Rules 458 and 5 to extend or enlarge the time provided by Rule 458 in which motions for rehearing might be filed when good cause for delay is shown. In holding that we did not have such authority, we said:

"The language used in Rule 468[2] is clear, and no exception is prescribed for varying the time in which an application for writ of error must be filed. The language used in Rule 5 and in Rule 458 is also plain and specific. It is provided that a motion for rehearing must be filed within the fifteen-day period mentioned, or a request for an enlargement of the time must be made within that period."

This holding has been followed without exception until the present case. See *Honeycutt v. Doss, supra; Ector County Ind. School District v. Hopkins,* 518 S.W.2d 576 (Tex.Civ.App.—El Paso, no writ); *Saunders v. Martin,* 390 S.W.2d 513 (Tex.Civ.App.—Texarkana 1965, no writ); Sales and Cliff, *Jurisdiction in the Texas Supreme Court and Courts of Civil Appeals,* 26 Baylor L.Rev. 501, 517 (1974).

This jurisdictional requirement is not waived or met by the timely motion for rehearing tendered by relator Stoner. A similar contention was presented and rejected by this Court in *Oil Field Haulers Ass'n v. Railroad Commission, supra* wherein we held:

"This Court has no jurisdiction of a party's application unless and until a motion for rehearing has been filed in and overruled by the Court of Civil Appeals. *Bain Peanut Co. of Texas v. Pinson & Guyger,* 119 Tex. 572, 34 S.W.2d 1090; Rule 468.

"Finally, Hill & Hill cannot take a 'free ride' on the Second Motion filed by Haulers even if we have jurisdiction of that application. The situation is analogous to that in which a party attempting to perfect an appeal from a trial court judgment seeks to avail himself of the benefit of another party's motion for new trial. See *Angelina County v. McFarland,* Tex. Sup., 374 S.W.2d 417, 421; *Neuhoff Bros., Packers v. Acosta,* 160 Tex. 124, 327 S.W.2d 434."

---

**2.** This rule requires in part that the application for writ of error be filed within thirty days after the overruling of a final motion for rehearing.

I would respectfully suggest that if a change is to be made in this settled rule of practice, it should be done by amendment to the Texas Rules of Civil Procedure so that the change may be uniformly applied. Under the holding of the majority, Rules 458 and 5 are mandatory except in the type of situation herein presented. Despite the stated limitation, such a holding can only confuse the Bench and Bar about a heretofore settled rule of practice. More importantly, it is not equal justice under the law.

STEAKLEY, POPE and McGEE, JJ., join in this dissent.

Dissenting Opinion by POPE, J.

POPE, Justice, dissenting.

I join in the dissent but would add this comment. This court has ordered a mandamus commanding the clerk of the court of civil appeals to file Ms. Willa Hudgins' motion for rehearing that she has never tendered for filing. The document had not been prepared up to the time this cause was orally argued to this court, and so far as anyone knows, may never be prepared or tendered. But, the court has ordered the clerk to file it. The clerk has not failed in the performance of any duty with respect to Willa Hudgins' phantom motion.