NO. 07-01-0371-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 21, 2001

_____

IN RE RESHAWN L. JOHNSON, RELATOR

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

In this proceeding, relator Reshawn L. Johnson, who is incarcerated, has filed a petition for writ of mandamus in which he asks us to order the Honorable Bradley S. Underwood, Judge of the 364th Judicial District of Lubbock County, to issue a ruling on his "Motion for Intra-Loan for Trial Court Transcript" and the statement of facts. For reasons we explain, relator's petition is overruled.

Relator asserts that on May 6, 2001, he filed a request for "intra loan" of the trial court transcript and statement of facts. He further asserts that on July 4, 2001, he filed a motion to compel a ruling on the pending motion. In response, relator states that he received a letter from Judge Underwood dated July 26, 2001, in which he was informed that he had been represented by appointed counsel in his appeal and his counsel received

a transcript at no cost. Therefore, he would not be provided with another transcript at taxpayer expense.

Relator contends that his appointed counsel "abandoned" the appeal, and he has made a diligent effort to receive a copy of his record so he can file a writ of habeas corpus. He alleges he has requested his appointed counsel to provide him his trial record; however, counsel has refused to reply to his letters. Moreover, relator states he is only seeking that a copy of the record be forwarded to his unit warden for 30 days. Thus, he requests that we compel the trial court to rule on his pending motion.

To be entitled to mandamus relief, a relator must show that the lower court has a legal duty to perform a nondiscretionary act, relator made a demand for performance, and the lower court refused that request. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). Furthermore, in original proceedings before this court, there must be included a certified or sworn copy of any order complained of or any other document showing the matter complained of and a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in the underlying proceeding. Tex. R. App. P. 52.3(j) and 52.7. No clerk's or reporter's records are presented for our review, nor are copies of any of the documents referred to in relator's petition attached. That being true, relator has failed to show that a motion was actually presented to the trial court or that it has or has not ruled on the motion.

Relator has filed an affidavit of indigence with this court, but only requests that he be allowed to proceed "in forma pauperis." Without deciding whether that affidavit meets the requirements of the rules, we note that relator has not requested the preparation of a record of his actions at the trial court level. *See* Tex. R. App. P. 20.1(d)(2). Furthermore, he has not attempted to furnish even uncertified copies of any documents he references in his petition for writ of mandamus, some of which he claims to have prepared or received.

Therefore, based on the record before us, we conclude that relator's petition for writ of mandamus must be and hereby is overruled.

John T. Boyd
Chief Justice

Do not publish.

3