NO. 07-03-0542-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 20, 2004



______________________________




IN RE RAYMUNDO LEYVA, RELATOR



_________________________________






Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


ON PETITION FOR WRIT OF MANDUMUS



 Relator Raymundo Leyva seeks a writ of mandamus ordering respondent, the
Honorable Jack R. Miller, allegedly Judge of the 64th District Court of Hale County, to take
action on a motion filed by relator in cause number A13183-9809 in the District 64th District
Court of Hale County. We deny the petition. 

 In his petition, relator alleges that he has filed a motion to expunge the record of a
criminal charge of escape. The charge was dismissed on motion of the State based upon
relator's guilty plea to capital murder. We are requested to order respondent to rule on the
motion to expunge. 

 In support of the petition for writ of mandamus, relator attached copies of (1) the
State's Motion to Dismiss and the Order dismissing the referenced cause, (2) relator's
Petition for Expunction, and (3) a letter to the Hale County District Clerk filing the petition
and requesting notification of any rulings on the motion. No other document or record of
proceedings is attached to or furnished in support of the petition. When petition for writ of mandamus is made, it is the relator's burden to show
entitlement to the relief being requested. See generally Johnson v. Fourth District Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relators seeking
issuance of a writ of mandamus must satisfy three requirements to show entitlement to the
writ: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. 
Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). A court is not required to consider
a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994, writ denied). 

 Relator's petition does not demonstrate that his motion has been called to
respondent's attention or presented to respondent for a ruling. Relator has not presented
a record which shows respondent has refused to act, thus relator has not shown
entitlement to the relief sought.

 The petition for writ of mandamus is denied.

 Phil Johnson

 Chief Justice





span>
          Consequently, since appellant has no attorney and a determination must be made
on his indigency and whether he desires an attorney to represent him, we abate the appeal
and remand the cause to the 31st District Court (trial court) for further proceedings. Upon
remand, the trial court shall immediately cause notice of a hearing to be given and,
thereafter, conduct a hearing to determine the following:
          1.       whether appellant desires to prosecute the appeal
 
          2. whether appellant is indigent and entitled to appointed counsel. 

          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent and without counsel, we direct the trial court to appoint him
same unless appellant knowingly waives his right to counsel. In either situation, the name,
address, phone number, telefax number, and state bar number of the new counsel, if any,
who will represent appellant on appeal must also be included in the court’s findings of fact
and conclusions of law. Furthermore, the trial court shall also cause to be developed 1)
a supplemental clerk’s record containing the findings of fact and conclusions of law and 2)
a reporter’s record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk’s
record to be filed with the clerk of this court on or before October 22, 2008. Should
additional time be needed to perform these tasks, the trial court may request same on or
before October 22, 2008.
          It is so ordered.
 
                                                                           Per Curiam
Do not publish.