NO. 07-04-0107-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 30, 2004

______________________________

IN RE R. WAYNE JOHNSON, RELATOR

_______________________________

Before REAVIS, and CAMPBELL, JJ. and BOYD, S.J.
(footnote: 1)
MEMORANDUM OPINION

By this original proceeding, relator R. Wayne Johnson, proceeding 
pro se
 and
 informa pauperis
, seeks a writ of mandamus to compel the Honorable John B. Board, alleged Local Administrative Judge for Potter County, to perform certain ministerial duties such as follow Canon 2 of the Code of Judicial Conduct and Supreme Court decisions.
(footnote: 2)  We deny the petition.

Included with relator’s petition for writ of mandamus is a copy of his original petition for an “anti-suit injunction” he wishes to file against Caroline Woodburn, Potter County District Clerk, and an unnamed local administrative judge to prevent “envasion of an important public policy”–“to ensure that elected public officials uphold their ‘oath’ to office.”  He contends Judge Board has the ministerial duty to comply with the mandatory dictate of Canon 2 of the Code of Judicial Conduct to obey the law.
(footnote: 3)  He claims to have sent the petition to the Potter County District Clerk on December 18, 2003.  In the petition he admits he has previously been declared a vexatious litigant under chapter 11 of the Texas Civil Practice and Remedies Code and as such must get permission from the local administrative judge per section 11.102 of the Code to file litigation.  Attached to his petition for writ of mandamus is a form letter dated January 21, 2004, from the Potter County District Clerk indicating that the administrative judge denied him permission to file the lawsuit.  The letter does not, however, reflect the name of the administrative judge.  Relator requests that we direct the Honorable John B. Board to order Caroline Woodburn to file the lawsuit against both of them.

An original proceeding filed in this Court must comply with the requirements of Rule 52 of the Texas Rules of Appellate Procedure.  Relator’s petition is lacking in most of the mandatory requirements.  
See 
Tex. R. App. P. 52.3 (b), (c), (d), (f), and (j). 

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies.  Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992).  Relator must satisfy three requirements to establish his entitlement to the issuance of a writ of mandamus, to-wit: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act.  Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).  Also, a party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief.  
Walker
, 827 S.W.2d at 837; 
see also
 In re Bates, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding).  Neither his petition for writ of mandamus nor his petition for an “anti-suit injunction” name Judge Board as respondent or defendant.  Relator’s petition containing only allegations against an unnamed Local Administrative Judge is insufficient to establish his entitlement to mandamus relief.

Accordingly, the petition for writ of mandamus is denied.

Don H. Reavis

    Justice

  

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

2:
Recently, this Court twice denied petitions for writs of mandamus and for a writ of  prohibition alleging the same complaints as in this proceeding.  
See
 No. 07-03-0471-CV and No. 07-04-0009-CV, both styled In re R. Wayne Johnson.

3:
Canon 2, entitled “Avoiding Impropriety and the Appearance of Impropriety in All of the Judge’s Activities” provides in part:

A.  A judge shall comply with the law and should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary.