NO. 07-04-0107-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 30, 2004



______________________________




IN RE R. WAYNE JOHNSON, RELATOR



_______________________________



Before REAVIS, and CAMPBELL, JJ. and BOYD, S.J. (1)

MEMORANDUM OPINION


 By this original proceeding, relator R. Wayne Johnson, proceeding pro se and
informa pauperis, seeks a writ of mandamus to compel the Honorable John B. Board,
alleged Local Administrative Judge for Potter County, to perform certain ministerial duties
such as follow Canon 2 of the Code of Judicial Conduct and Supreme Court decisions. (2) 
We deny the petition.

 Included with relator's petition for writ of mandamus is a copy of his original petition
for an "anti-suit injunction" he wishes to file against Caroline Woodburn, Potter County
District Clerk, and an unnamed local administrative judge to prevent "envasion of an
important public policy"-"to ensure that elected public officials uphold their 'oath' to office." 
He contends Judge Board has the ministerial duty to comply with the mandatory dictate of
Canon 2 of the Code of Judicial Conduct to obey the law. (3) He claims to have sent the
petition to the Potter County District Clerk on December 18, 2003. In the petition he admits
he has previously been declared a vexatious litigant under chapter 11 of the Texas Civil
Practice and Remedies Code and as such must get permission from the local
administrative judge per section 11.102 of the Code to file litigation. Attached to his
petition for writ of mandamus is a form letter dated January 21, 2004, from the Potter
County District Clerk indicating that the administrative judge denied him permission to file
the lawsuit. The letter does not, however, reflect the name of the administrative judge. 
Relator requests that we direct the Honorable John B. Board to order Caroline Woodburn
to file the lawsuit against both of them.

 An original proceeding filed in this Court must comply with the requirements of Rule
52 of the Texas Rules of Appellate Procedure. Relator's petition is lacking in most of the
mandatory requirements. See Tex. R. App. P. 52.3 (b), (c), (d), (f), and (j). 

 Mandamus is an extraordinary remedy available only in limited circumstances
involving manifest and urgent necessity and not for grievances that may be addressed by
other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). Relator must satisfy
three requirements to establish his entitlement to the issuance of a writ of mandamus, to-wit: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. 
Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). Also, a party requesting relief must
provide a sufficient record to establish his entitlement to mandamus relief. Walker, 827
S.W.2d at 837; see also In re Bates, 65 S.W.3d 133, 135 (Tex.App.-Amarillo 2001, orig.
proceeding). Neither his petition for writ of mandamus nor his petition for an "anti-suit
injunction" name Judge Board as respondent or defendant. Relator's petition containing
only allegations against an unnamed Local Administrative Judge is insufficient to establish
his entitlement to mandamus relief.

 Accordingly, the petition for writ of mandamus is denied.

 Don H. Reavis

 Justice

 

 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.
2. Recently, this Court twice denied petitions for writs of mandamus and for a writ of 
prohibition alleging the same complaints as in this proceeding. See No. 07-03-0471-CV
and No. 07-04-0009-CV, both styled In re R. Wayne Johnson.
3. Canon 2, entitled "Avoiding Impropriety and the Appearance of Impropriety in All
of the Judge's Activities" provides in part:


 A. A judge shall comply with the law and should act at all times in a manner
that promotes public confidence in the integrity and impartiality of the
judiciary.