NO. 07-04-0441-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

SEPTEMBER 30, 2004

______________________________

IN RE MICHAEL LOU GARRETT, RELATOR

_______________________________

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Relator Michael Lou Garrett requests issuance of writ of mandamus directing the District Clerk of Potter County to locate, file and bring to the attention of the District Judge of the 181
st
 District Court a Motion for Temporary Restraining Order and Preliminary Injunction.  Relator also requests that the district judge be included in the writ of mandamus and that we direct the judge to immediately rule on the Motion.  We dismiss as to the District Clerk and decline to issue writ to the District Judge. 

Pursuant to 
Tex. Gov’t. Code Ann
. § 22.221 (“TGCA”), a court of appeals has jurisdiction to issue writs of mandamus 
(1) to enforce its jurisdiction; or (2) against certain judges of or acting within the district of the court of appeals.  TGCA §§ 22.221(a),(b).  

Relator does not claim that his petition seeks relief designed to enforce this court’s jurisdiction.  Thus, 
this court does not have jurisdiction to issue a writ of mandamus to the district clerk, and relator’s petition seeking a writ directed to the District Clerk of Potter County
 is dismissed for want of jurisdiction.  

 As to relator’s seeking issuance of a writ of mandamus directed to the judge of the 181
st
 District Court, relator must satisfy three requirements to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act.  
See
 
Stoner v. Massey
, 586 S.W.2d 843, 846 (Tex. 1979).
  A court is not required to consider a motion not called to its attention.  
Metzger v. Sebek
, 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994, writ denied).  Even showing that a motion was filed with the court clerk does not 
constitute proof that the motion was brought to the trial court’s attention or presented to the trial court with a request for a ruling.  
See
 
In re Chavez
, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001) (orig. proceeding). 

Relator does not assert that demand has been made upon the judge of the 181
st
 District Court for action on the motion referenced, or that the judge has refused to act.  Accordingly, the petition for writ of mandamus as to the district judge is denied.
 

Phil Johnson

Chief Justice