NO. 07-11-0116-CR

NO. 07-11-0117-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

APRIL 13, 2011

______________________________

 

 

JUAN FRANCISCO PACHECO, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

 

NOS. 61,408-B & 62,495-B; HONORABLE JOHN B. BOARD,
JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Pending before this
Court are Appellant's Motions to Withdraw Appeals in which he represents
that he no longer wishes to pursue these appeals.  The motions are signed by Appellant's attorney.  Tex. R. App. P. 42.2(a).  Appellant did not, however, sign the motions
as required by Rule 42.2(a) of the Texas Rules of Appellate Procedure.  Rather, Appellant's signature is affixed to
documents entitled Appellant's Consent to
Motion to Withdraw Appeals in which he confirms that he wishes to withdraw
these appeals.  Therefore, we suspend the operation of
that portion of Rule 42.2(a) insofar as it requires that Appellant's signature
be affixed to the Motions to Withdraw
Appeals and accept Appellant's signature on his Consent to Withdraw Appeals as satisfying the requirements of Rule
42.2(a). 
See Tex. R. App. P. 2.  No
decision of this Court having been delivered, the motions are granted and the
appeals are dismissed.  No motions for
rehearing will be entertained and our mandates will issue forthwith.

 

 

                                                                                    Patrick
A. Pirtle

                                                                                          Justice

 

Do not publish.

 

 

 

                                                                                    

 

 

 






at conviction was filed.  

In 2006,
Relator pursued DNA testing and relief was denied by the trial court.  He appealed to this Court.  After this Court twice abated the appeals to
determine issues of indigence and appointment of counsel,[3]
Relator and the State entered into an agreement for voluntarily dismissal of
the appeals in exchange for DNA testing. 
An order granting forensic DNA testing was entered on March 15, 2007, and the appeals were dismissed on March 29, 2007.  See Watson v. State, Nos. 07-06-0414-CR and 07-06-0415-CR, 2007
Tex. App. LEXIS 2515 (Tex.App.--Amarillo March 29, 2007, no pet).  A Nunc
Pro Tunc Order for Forensic DNA Testing was signed on September 7, 2007.  

The Texas Department of Public Safety
conducted DNA testing on vaginal swabs of the victim to compare the known DNA
of the Relator to that of the perpetrator of the sexual assault.  On January 7, 2008, the Department generated
a Serology/DNA report in which it concluded that "Watson cannot be
excluded as a contributor to this profile."

On June 30, 2010, and
again on July 30, 2010, Relator filed motions in the trial court requesting a
hearing under article 64.04 of the Texas Code of Criminal Procedure which
provides:

[a]fter
examining the results of testing under Article 64.03, the convicting court shall hold a hearing and make a finding
as to whether, had the results been available during the trial of the offense,
it is reasonably probable that the person would not have been convicted.

 

(Emphasis added).  When
no hearing was held, Relator filed a Petition for Mandamus in this Court
requesting relief.  This Court requested
a response to the petition from Respondent. 
No response was filed; however, the trial court did schedule a hearing
to address Relator's motions.

            On June 10,
2011, a hearing was held.  Appellant and
his appointed counsel were present.  After
a brief hearing, the trial court ruled, "I do not find that had the DNA
results been available it is reasonably probable that [Relator] would not have
been convicted."  The ruling was
memorialized in a document entitled "Findings on Motion for DNA
Testing" and filed with the trial court clerk on June 21, 2011.

Mandamus
Standard of Review

Mandamus
relief is an extraordinary remedy.  In
re Southwestern Bell Telephone Co., L.P., 235 S.W.3d 619, 623 (Tex.
2007) (orig. proceeding).  "Mandamus issues only to correct a
clear abuse of discretion or the violation of a duty imposed by law when there
is no other adequate remedy by law.@  Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding) (quoting Johnson v. Fourth Court of Appeals,
700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding).  To show entitlement to mandamus relief, a
relator must satisfy three requirements: (1) a legal duty to perform; (2) a
demand for performance; and (3) a refusal to act.  Stoner v. Massey,
586 S.W.2d 843, 846 (Tex. 1979).

Discussion

            Relator now
has a ruling on the two motions that were pending in the trial court.  Any dissatisfaction with the ruling is not
the proper subject of a mandamus proceeding but may be remedied by ordinary
appeal.  See In re Washington, No. 09-07-00246-CV, 2007 Tex. App. LEXIS
6449, at *2 (Tex.App.--Beaumont Aug. 16, 2007, orig. proceeding).  Consequently, his request for relief is rendered
moot and the petition for writ of mandamus is denied.

 

Patrick A. Pirtle

                                                                                           Justice

 











[1]Judge
Bird was the District Attorney for Wilbarger County when Relator was charged
with the offenses alleged in Cause Nos. 9479 and 9480 and he voluntarily
recused himself from proceedings related to those cause numbers.  

 





[2]Sitting by assignment. 
Tex. Gov't Code Ann. § 75.002(a)(3) (West
2005).





[3]Watson v. State, Nos.
07-06-0414-CR, 07-06-0415-CR, 2007 Tex. App. LEXIS 811 (Tex.App.--Amarillo Feb.
2, 2007, no pet.), and Watson v. State,
Nos. 07-06-0414-CR, 07-06-0415-CR, 2007 Tex. App. LEXIS 10002 (Tex.App.--Amarillo
Nov. 16, 2006, no pet.).