NO. 07-11-0157-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 15, 2011
_____

IN RE JOHANSON LEE WATSON, RELATOR
_____

ORIGINAL PROCEEDING ARISING FROM PROCEEDINGS
BEFORE THE 46TH DISTRICT COURT OF WILBARGER COUNTY;
NOS. 9479 & 9480; HONORABLE DAN MIKE BIRD, JUDGE PRESIDING[1]
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

By this original proceeding, Relator, Johanson Lee Watson, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Juanita Pavlick,[2] to hold a hearing and make findings regarding the results of a serology/DNA report pursuant to article 64.04 of the Texas Code of Criminal Procedure. For the reasons expressed herein, we deny the requested relief.

_____

[1]Judge Bird was the District Attorney for Wilbarger County when Relator was charged with the offenses alleged in Cause Nos. 9479 and 9480 and he voluntarily recused himself from proceedings related to those cause numbers.

[2]Sitting by assignment. Tex. Gov't Code Ann. § 75.002(a)(3) (West 2005).

**Background**

In 1997, Relator was indicted for sexual assault of a child in cause number 9479 and for burglary of a habitation in cause number 9480. The charges were enhanced with a prior burglary from 1987. In exchange for dismissal of the burglary of a habitation charge, Relator pleaded guilty to the sexual assault charge and was sentenced to twenty years confinement. No direct appeal from that conviction was filed.

In 2006, Relator pursued DNA testing and relief was denied by the trial court. He appealed to this Court. After this Court twice abated the appeals to determine issues of indigence and appointment of counsel,[3] Relator and the State entered into an agreement for voluntarily dismissal of the appeals in exchange for DNA testing. An order granting forensic DNA testing was entered on March 15, 2007, and the appeals were dismissed on March 29, 2007. *See Watson v. State*, Nos. 07-06-0414-CR and 07-06-0415-CR, 2007 Tex. App. LEXIS 2515 (Tex.App.--Amarillo March 29, 2007, no pet). A *Nunc Pro Tunc Order for Forensic DNA Testing* was signed on September 7, 2007.

The Texas Department of Public Safety conducted DNA testing on vaginal swabs of the victim to compare the known DNA of the Relator to that of the perpetrator of the sexual assault. On January 7, 2008, the Department generated a Serology/DNA report in which it concluded that "Watson cannot be excluded as a contributor to this profile."

---

[3]*Watson v. State*, Nos. 07-06-0414-CR, 07-06-0415-CR, 2007 Tex. App. LEXIS 811 (Tex.App.--Amarillo Feb. 2, 2007, no pet.), and *Watson v. State*, Nos. 07-06-0414-CR, 07-06-0415-CR, 2007 Tex. App. LEXIS 10002 (Tex.App.--Amarillo Nov. 16, 2006, no pet.).

On June 30, 2010, and again on July 30, 2010, Relator filed motions in the trial court requesting a hearing under article 64.04 of the Texas Code of Criminal Procedure which provides:

> [a]fter examining the results of testing under Article 64.03, the convicting court *shall* hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.

(Emphasis added). When no hearing was held, Relator filed a Petition for Mandamus in this Court requesting relief. This Court requested a response to the petition from Respondent. No response was filed; however, the trial court did schedule a hearing to address Relator's motions.

On June 10, 2011, a hearing was held. Appellant and his appointed counsel were present. After a brief hearing, the trial court ruled, "I do not find that had the DNA results been available it is reasonably probable that [Relator] would not have been convicted." The ruling was memorialized in a document entitled "Findings on Motion for DNA Testing" and filed with the trial court clerk on June 21, 2011.

## Mandamus Standard of Review

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839

(Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## Discussion

Relator now has a ruling on the two motions that were pending in the trial court. Any dissatisfaction with the ruling is not the proper subject of a mandamus proceeding but may be remedied by ordinary appeal. *See In re Washington*, No. 09-07-00246-CV, 2007 Tex. App. LEXIS 6449, at *2 (Tex.App.--Beaumont Aug. 16, 2007, orig. proceeding). Consequently, his request for relief is rendered moot and the petition for writ of mandamus is denied.

Patrick A. Pirtle
Justice