ACCEPTED
14-13-00434-CV
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
6/5/2015 3:44:43 PM
CHRISTOPHER PRINE
CLERK

# GREER, HERZ & ADAMS, L.L.P.

### A LIMITED LIABILITY PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

ATTORNEYS AT LAW

www.greerherz.com



ANGIE OLALDE

BOARD CERTIFIED®
Texas Board of Legal Specialization
CIVIL APPELLATE LAW

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
6/5/2015 3:44:43 PM
CHRISTOPHER A. PRINE
Clerk

2525 SOUTH SHORE BLVD., SUITE 203
LEAGUE CITY, TEXAS 77573
(409) 797-3262
(866) 422-4406 (FAX)
aolalde@greerherz.com

June 5, 2015

Christopher A. Prine, Clerk
Fourteenth Court of Appeals
301 Fannin, Suite 245
Houston, Texas 77002

> Re: *Galveston Central Appraisal District v. Valero Refining – Texas L.P.*
> No. 14-13-00434-CV

Dear Mr. Prine:

You have asked, in a letter dated June 1, 2015, whether the motion for en banc reconsideration filed by Valero Refining – Texas, L.P. ("Valero") is "permitted" under Texas Rule of Appellate Procedure 49.7.

Rule 49.5 sets out when a motion for rehearing, including a motion for en banc rehearing, is "permitted." As explained in more detail below, because the Court summarily denied Valero's motion for rehearing without altering its judgment or issuing a new opinion, Valero's motion for en banc rehearing is not permitted.

## Background

The Court issued its Opinion on March 31, 2015, and Valero filed a motion for rehearing on May 7, 2015, after receiving two extensions. The Court denied Valero's motion for rehearing on May 21, 2015. On May 26, 2015, Valero filed its motion for en banc reconsideration.

## TRAP 49.7

Rule 49.7 allows a party to file a motion for en banc reconsideration within 15 days after the Court's judgment or, "when permitted, within 15 days" after the Court's "denial of the party's last timely filed motion for rehearing or en banc reconsideration." TEX. R. APP. P. 49.7. The Rule's "when permitted" language applies only to a "further" motion, whether that motion is for rehearing or en banc reconsideration.

Rule 49 was amended in 2008 "to treat a motion for en banc reconsideration as a motion for rehearing and to include procedures governing the filing of a motion for en banc reconsideration." TEX. R. APP. P. 49.7 cmt. to 2008 change. The comments to the Rule's 2008 amendment explain that the Rule's use of the "when permitted" language refers to Rule 49.5's requirements. Under rule 49.5, a further motion for rehearing or en banc rehearing is permitted "within 15 days of the court's action if the court: (a) modifies its judgment; (b) vacates its judgment and renders a new judgment; or (c) issues a different opinion." TEX. R. APP. P. 49.5.[1]

While "when permitted" has caused some confusion,[2] it is clear that the phrase was purposefully included as a condition to filing *further* motions for rehearing. Such motions are not permitted unless the Court alters its judgment or issues a different opinion, neither of which occurred in this case. TEX. R. APP. P. 49.5. To ignore the "when permitted" language would mean a party may file a motion for en banc rehearing within 15 days after the Court denies the last timely filed motion for rehearing, as a matter of right. While that is what Valero did in this case, it is not what the Rule allows.[3]

Valero's "further" motion for en banc rehearing was filed after the Court denied Valero's initial motion for rehearing. It is therefore not permitted under Rule 49 because the Court did not modify or vacate its judgment, or issue a different opinion. *See Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 702 (Tex. 1990) (per curiam) (citing *Honeycutt v. Doss*, 410 S.W.2d 772, 773 (Tex. 1966)) ("A second motion for rehearing not authorized by the rules is a nullity even if the court of appeals rules on it."); *El Paso Refining, Inc. v. Scurlock Permian Corp.*, 77 S.W.3d 374, 377 (Tex. App.—El Paso 2002, pet. denied) (op. on reh.) (second motion for rehearing is a nullity since Rule 49.5 did not authorize further motion for rehearing).

Sincerely,

Angie Olalde

---

[1] If an opinion is reissued but is not substantially different, it appears the rules would allow a further motion for rehearing, but the comments to Rule 49.7 appear to discourage counsel from filing such motions. TEX. R. APP. P. 49.7 cmt. to 2008 change ("Issuance of a new opinion that is not substantially different should not occasion a further motion for rehearing, but a motion's lack of merit does not affect appellate deadlines.").

[2] *See* Richard B. Phillips, Jr. & Meghan Nylin, *The Technical Side of Appellate Advocacy*, State Bar of Texas Civil Appellate Practice 101 (Sept. 3, 2014) (discussing confusion and advising that "the safest course is to file the motion for en banc reconsideration at the same time as the motion for panel rehearing or to skip panel rehearing and file only a motion for en banc reconsideration. Any other course risks a finding that the motion for en banc reconsideration is too late.").

[3] In 2006, the Texas Supreme Court held that en banc reconsideration may be requested at any time while a court of appeals retains plenary power. *City of San Antonio v. Hartman*, 201 S.W.3d 667, 671 (Tex. 2006). The 2008 amendments changed this, and now treat a motion for en banc reconsideration as a motion for rehearing. TEX. R. APP. P. 49.7 cmt to 2008 change.

**GALVESTON**
ONE MOODY PLAZA, 18TH FLOOR
GALVESTON, TEXAS  77550
(409) 797-3200

**BAY AREA HOUSTON**
2525 SOUTH SHORE BLVD., SUITE 203
LEAGUE CITY, TEXAS  77573
(281) 480-5278

**HOUSTON**
700 MILAM, SUITE 1300
HOUSTON, TEXAS 77002
(713) 655-1571
(BY APPOINTMENT ONLY)

Re:     *Galveston Central Appraisal District v. Valero Refining – Texas, L.P.*
        No. 14-13-00434-CV

---

cc:     rsimpson@yettercoleman.com
        Reagan W. Simpson
        cward@yettercoleman.com
        Christian Ward
        Yetter Coleman LLP
        909 Fannin Street, Suite 3600
        Houston, Texas 77010

        david.hugin@property-tax.com
        David Hugin
        Popp Gray & Hutcheson, LLP
        1301 South Mopac, Suite 430
        Austin, Texas 78746

**GALVESTON**
ONE MOODY PLAZA, 18TH FLOOR
GALVESTON, TEXAS 77550
(409) 797-3200

**BAY AREA HOUSTON**
2525 SOUTH SHORE BLVD., SUITE 203
LEAGUE CITY, TEXAS 77573
(281) 480-5278

**HOUSTON**
700 MILAM, SUITE 1300
HOUSTON, TEXAS 77002
(713) 655-1571
(BY APPOINTMENT ONLY)