**Denied and Opinion Filed October 8, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

## No. 05-18-01153-CV
_____

### IN RE NICHOLAS DYESS, Relator

Original Proceeding from the 254th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-18-09867

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Fillmore

In this original proceeding, relator seeks a writ of mandamus directing the trial court to rule on relator's motion for a free appellate record in an appeal pending in this Court under cause number 05-18-00825-CV. Relator's petition for writ of mandamus does not comply with the rules of appellate procedure. *See* TEX. R. APP. P. 52.3(j), 52.3(k), 52.7(a)(1). Although these deficiencies alone constitute sufficient reason to deny mandamus relief, in the interest of judicial economy we address the petition.

To establish entitlement to mandamus relief for a trial court's refusal to act, the relator must establish that the trial court had a legal duty to perform a ministerial act, relator made demand for performance, and the court refused to perform. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979). The appellate record is due to be filed in cause number 05-18-00825-CV on October 24, 2018. Relator's petition includes no evidence indicating that the record will not be filed when due or showing that the trial court has refused to rule on or denied relator's request for a free appellate

record. As such, relator's request for mandamus relief is premature. *See, e.g., In re E.M.*, No. 02-14-00403-CV, 2015 WL 128739, at \*2 (Tex. App.—Fort Worth Jan. 9, 2015, orig. proceeding) (citing *Patterson v. Planned Parenthood of Houston & S.E. Tex., Inc.*, 971 S.W.2d 439, 442 (Tex. 1998) (explaining that an action is not ripe for judicial review if it involves "uncertain or contingent future events that may not occur as anticipated, or indeed may not occur at all")); *see also In re Elizondo*, No. 07-99-0142-CV, 1999 WL 285735, at \*1 (Tex. App.—Amarillo May 5, 1999, orig. proceeding) (mem. op.) ("It is premature to seek mandamus without the trial court first ruling on or affirmatively refusing to rule on the very matters upon which relief is sought").

Accordingly, we deny the petition. *See* TEX. R. CIV. P. 52.8(a).


/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE


181153F.P05