

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-24-00372-CV
_____

IN RE EDRICK DUNN, RELATOR

ORIGINAL PROCEEDING

December 19, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Relator, Edrick Dunn, an inmate proceeding pro se and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Les Hatch, Presiding Judge of the 237th District Court of Lubbock County, to rule on three motions for default or summary judgment against defendants in a civil suit whom he alleges have failed to timely file an answer to his original petition. For the reasons expressed herein, we deny mandamus relief.

### BACKGROUND

Relator seeks mandamus relief for a second time. He previously sought and was denied the requested relief in October 2024. *See In re Dunn*, No. 07-24-00326-CV, 2024 Tex. App. LEXIS 7695 (Tex. App.—Amarillo Oct. 29, 2024, orig. proceeding). As noted in

this Court's previous opinion, Relator filed motions on August 5, 2024, September 30, 2024, and October 14, 2024.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show (1) the trial court abused its discretion and (2) no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

To establish an abuse of discretion, a relator must demonstrate the trial court acted unreasonably, arbitrarily, or without reference to any guiding rules or principles. *See Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). To establish no adequate remedy by appeal, a relator must show there is no adequate remedy at law to address the alleged harm and the act requested is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Furthermore, to establish a ministerial act, a relator must also show (1) a legal duty to perform, (2) a demand for performance, and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## ANALYSIS

Relator contends the trial court has refused to act on his motions thereby abusing its discretion. He asserts he has no adequate remedy at law. While he acknowledges

there is no bright line that demarcates a reasonable time in which to rule on a pending motion, he argues that under Rule 166a(c) of the Texas Rules of Civil Procedure, the "judgment sought shall be rendered forthwith." Relator takes that phrase out of context. He also relies on Rule 239 providing for default judgment when a defendant fails to file an answer. That rule, however, does not instruct the trial court on when to rule on a motion for default judgment.

Other than a conclusory statement by Relator, his documents do not show a refusal to act by the trial court. Finally, he has not established the state of the court's docket and the existence of other judicial and administrative matters which a trial court must address first. *Id.* Before being granted mandamus relief, a relator must provide a record showing entitlement to such relief. Relator has not satisfied his obligation to do so.

#### CONCLUSION

Relator's petition for mandamus relief is denied.

Alex Yarbrough
Justice

3