NO. 07-04-0296-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 23, 2004

_____

IN RE CHRISTOPHER W. BUNCH, RELATOR
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

This original proceeding is relator Christopher W. Bunch's second attempt to obtain a writ of mandamus directing the district court to conduct a hearing on his motion to obtain a copy of the record in his prosecution for the felony offense of possession of a controlled substance so that he may use it to prepare a writ of habeas corpus. For the reason set out below, we deny relator's request.

In 2001 relator was convicted of possession of methamphetamine in cause number 13,131-B in the 181st District Court and sentenced to 35 years confinement in the Institutional Division of the Texas Department of Criminal Justice. This court affirmed that conviction on direct appeal. *Bunch v. State*, No. 07-01-0171-CR (Tex.App.–Amarillo June 3, 2002, pet. ref'd). In March 2003 relator filed a petition for writ of mandamus asserting he had filed a motion in the 181st District Court in December 2002, requesting a "free copy

of the trial court records" or, in the alternative, the loan of such records, in cause number 13,131-B, and attached an affidavit of indigence. *In re Christopher W. Bunch*, No. 07-03-0103-CV (Tex.App.–Amarillo May 16, 2003) (orig. proceeding). The petition sought a writ of mandamus directing the 181st District Court to conduct a hearing on his motion. We denied the petition for the reason that appellant did not establish respondent failed or refused to perform a nondiscretionary or ministerial act after a proper request because nothing in the record showed the motion was properly filed in the 181st District Court or brought to the attention of the trial judge. *Id.*

Relator's present petition requests the same relief, directing the judge of the 181st District Court to "set and hold a hearing in cause No. 13,131-B" on his motion requesting access to the trial record in that cause for the purpose of preparing a writ of habeas corpus.[1] It also suffers from the same deficiencies as his 2003 petition.

The petition recites relator sent his requests for access to the trial court records to "the Randall County District Court and Clerks office." It also makes reference to an appendix. Enclosed with relator's petition were copies of letters addressed to the 181st District Court, the district court clerk, and the clerk of this court. The undated and unsigned letter to the clerk of this court says relator's motion was enclosed, requesting a free copy of the trial court records or for loan of those records with a request that it be filed in the records of his original appeal, Number 07-01-0171-CR. No copy of the motion was

---

[1]Relator has also filed a Motion for Leave to File Petition for Writ of Mandamus. We need not address this motion because under the current Rules of Appellate Procedure no leave to file is required. *See* Tex. R. App. P. 52.1.

enclosed. It also asked the clerk to "provide the court with a hearing date" to dispose of the motion. Parenthetically, we note that this court has no record of receiving a letter from relator like that enclosed with his petition, or a motion like that described in the letter.

Relator's letter to the district court clerk that accompanies relator's petition also says the motion at issue was enclosed, requested the motion be filed under cause number 13,131-B, and asked the clerk to "provide the court with a hearing date for a hearing to dispose of the motion." The letter addressed to the district court is signed but undated and only makes reference to his letter to the clerk of this court, stating "I am now requesting that the *appellate* record be made available to me so that [I] may prepare my [article] 11.07 writ of habeas corpus." (emphasis added). None of these documents bear any file mark other than those made on the filing of the current petition in this court.

As with relator's first petition, the present petition fails to comply with the procedural requirements of Rule of Appellate Procedure 52.3 and must be denied on that basis. *See In re Chavez*, 62 S.W.3d 225, 227-28 (Tex.App.--Amarillo 2001) (orig. proceeding).

Even if we were to ignore the verification requirements of Rule 52.3(j)(1) and treat the letters enclosed with relator's petition as accurately reflecting documents sent to those entities, they would not satisfy relator's burden to show respondent clearly abused his discretion by establishing he has a legal duty to perform a nondiscretionary or ministerial act; that he has been requested to perform the act; and that he has refused to do so. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.–Houston [1st Dist.] 1992) (orig. proceeding) (citing *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979)).

As noted, we are not provided with a copy of the motion relator's letters describe, nor with information demonstrating when such a motion was filed. Further, the documents contain no request to the district court for a hearing. The letter to the district court merely referred to his letter to this court asking for access to "the appellate record." It makes no reference to the motion relator asserts is pending in the district court and cannot be read as a request for any action in that court. *See Barnes*, 832 S.W.2d at 426. This record still falls considerably short of the record that would be required to demonstrate relator's entitlement to the extraordinary relief of mandamus. *Chavez*, 62 S.W.3d at 228.

For that reason also, relator's petition for writ of mandamus is denied.


Per Curiam