NO. 07-04-0466-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

OCTOBER 29, 2004

_____

IN RE RUBEN NARANJO BALDIVIA, RELATOR

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

By his petition for writ of mandamus, relator Ruben Naranjo Baldivia, an indigent inmate, requests we compel the Honorable Robert W. Kincaid, Jr., Judge of the 64th District Court of Castro County, to act on his petition for expunction of criminal records. Under applicable principles of law, relator's petition is denied.

Mandamus is an extraordinary remedy available only in limited circumstances involving manifest and urgent necessity and not for grievances that may be addressed by other remedies. Walker v. Packer, 827 S.W.2d 833, 840 (Tex. 1992). To establish his entitlement to relief, relator must satisfy three requirements:, to-wit: (1) a legal duty to

perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).

When a motion is properly pending before a trial court, the act of considering and ruling upon it is a ministerial act. Eli Lilly and Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992). However the trial court has a reasonable time within which to perform that ministerial duty. Safety-Kleen Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex.App.–San Antonio 1997, orig. proceeding). Whether a reasonable period of time has lapsed is dependent on the circumstances of each case. Barnes v. State, 832 S.W.2d 424, 426, (Tex.App.–Houston [1st Dist.] 1992, orig. proceeding). Other factors are influential such as the trial court's actual knowledge of the motion, its overt refusal to act, the state of its docket, and other judicial and administrative duties which must be addressed. In re Villarreal, 96 S.W.3d 708, 711 (Tex.App.–Amarillo 2003, orig. proceeding). Further, the party requesting relief must provide a sufficient record to establish his entitlement to mandamus relief. *Walker*, 827 S.W.2d at 837; *see also* In re Bates, 65 S.W.3d 133, 135 (Tex.App.–Amarillo 2001, orig. proceeding).

According to his petition, relator was acquitted (offense unspecified) on April 14, 1986, and on August 7, 2000, he filed a document pursuant to article 55.02 of the Texas Code of Criminal Procedure requesting expunction of his criminal record. Attached to his petition for mandamus are two exhibits both entitled "Inmate Correspondence Form" dated April 12, 2002, and July 28, 2004, from the District Clerk indicating the expunction is still

2

pending. Relator alleges that following the July 28 notice, on August 6, 2004, he filed a motion requesting a hearing on his petition for expunction and complains that no action has been taken. A certified or sworn copy of the motion complained of is not included in an appendix to relator's petition as required by Rule 52.3(j)(1)(A) of the Texas Rules of Appellate Procedure.

Relator has not met his burden to provide a sufficient record demonstrating that a properly filed document has awaited disposition for an unreasonable length of time. We decline to hold that the trial court's inaction on a motion pending almost three months constitutes an unreasonable delay. Additionally, since the filing of the August 6 motion, relator has not established he demanded performance nor that the trial court refused to act. *Stoner*, 586 S.W.2d at 846.

Accordingly, relator's petition for writ of mandamus is denied.

Don H. Reavis
Justice