NO. 07-05-0022-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 31, 2005

_____

IN RE MICHAEL SCOTT, RELATOR
_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Relator Michael Scott, acting *pro se*, seeks a writ of mandamus directing respondent, the Honorable Pat Pirtle, Judge of the 251st District Court of Potter County, to rule on a discovery sanctions motion. We deny relief.

Relator has filed with the clerk of this court a pleading entitled Petition for Writ of Mandamus. He alleges that he has filed a motion for sanctions in cause number 90,231-C in the 251st District Court; he has filed a request that the district clerk present the motion to the court for ruling; and that respondent has failed to rule on the motion. We are requested to direct respondent to rule.

In support of the petition for writ of mandamus, relator attached hand-written documents which he declares, under penalty of perjury, are true and correct copies of the

original documents. The documents, however, do not demonstrate file-marks or copies of file marks and are not certified by the Potter County clerk as copies of documents which have been filed.

When petition for writ of mandamus is made, it is the relator's burden to show entitlement to the relief being requested. See generally Johnson v. Fourth District Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). Relator must file with the petition a certified sworn copy of every document that is material to relator's claim for relief that was filed in any underlying proceeding, and a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence or a statement that no testimony was adduced in connection with the matter complained of. TEX. R. APP. P. 52.7(a).

Moreover, relators seeking issuance of writ of mandamus must satisfy three requirements to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. See Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979). A court is not required to consider a motion not called to its attention. Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.–Houston [1st Dist.] 1994, writ denied). Showing that a motion was filed with the court clerk does not constitute proof that the motion was brought to the trial court's attention or presented to the trial court with a request for a ruling. See In re Chavez, 62 S.W.3d 225, 228 (Tex.App.–Amarillo 2001) (orig. proceeding).

Relator has not attached certified, sworn copies of motions and correspondence referenced in the petition. Relator has not shown that demand has been made upon

-2-

respondent or that respondent has been made aware of relator's alleged motion or request for action on the alleged motion, or that respondent has refused to act. Relator has not presented a record which shows entitlement to the relief sought, or upon which we are authorized to act.

The petition for writ of mandamus is denied.

Phil Johnson
Chief Justice