NO. 07-05-0428-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 20, 2006

______________________________

GILBERTO MACIAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 84
TH
 DISTRICT COURT OF OCHILTREE COUNTY;

NO. 3998; HONORABLE WILLIAM D. SMITH, JUDGE

_______________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON MOTION TO DISMISS

Appellant, Gilberto Macias, appealed his conviction for possession with intent to deliver a controlled substance and sentence of 40 years confinement in the Institutional Division of the Texas Department of Criminal Justice and $10,000 fine.  Appellant’s appeal was predicated on the trial court’s denial of his Motion to Suppress.  However, appellant has now filed a Motion to Dismiss Appeal.
(footnote: 1)
 Because the motion meets the requirements of Texas Rule of Appellate Procedure 44.2(a), and this court has not delivered its decision prior to receiving it, the motion is hereby granted and the appeal is dismissed.  Having dismissed the appeal at appellant’s request, no motion for rehearing will be entertained and our mandate will issue.

Mackey K. Hancock

         Justice

Do not publish.   ããjudges of or acting within the district of the court of appeals.  TGCA §§ 22.221(a),(b).  

Relator does not claim that his petition seeks relief designed to enforce this court’s jurisdiction.  Thus, 
this court does not have jurisdiction to issue a writ of mandamus to the district clerk, and relator’s petition seeking a writ directed to the District Clerk of Potter County
 is dismissed for want of jurisdiction.  

 As to relator’s seeking issuance of a writ of mandamus directed to the judge of the 181
st
 District Court, relator must satisfy three requirements to show entitlement to the writ: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act.  
See
 
Stoner v. Massey
, 586 S.W.2d 843, 846 (Tex. 1979).
  A court is not required to consider a motion not called to its attention.  
Metzger v. Sebek
, 892 S.W.2d 20, 49 (Tex.App.--Houston [1st Dist.] 1994, writ denied).  Even showing that a motion was filed with the court clerk does not 
constitute proof that the motion was brought to the trial court’s attention or presented to the trial court with a request for a ruling.  
See
 
In re Chavez
, 62 S.W.3d 225, 228 (Tex.App.--Amarillo 2001) (orig. proceeding). 

Relator does not assert that demand has been made upon the judge of the 181
st
 District Court for action on the motion referenced, or that the judge has refused to act.  Accordingly, the petition for writ of mandamus as to the district judge is denied.
 

Phil Johnson

Chief Justice

FOOTNOTES
1:
While appellant’s motion is titled a Motion to Dismiss, we construe the motion to request a withdrawal of appellant’s notice of appeal.  
See
 
Tex. R. App. P.
 42.2(a).