NO. 07-07-0293-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



OCTOBER 23, 2007



______________________________




JEFFREY DAVID BAXTER, APPELLANT



V.



SHANNON KATHLEEN BAXTER, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NUMBER ONE OF WILLIAMSON COUNTY;



NO. 05-2558-FC1; HONORABLE SUZANNE BROOKS, JUDGE



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Pending before this Court is Jeffrey David Baxter's Amended Motion to Dismiss this
appeal. The certificate of conference reflects that Shannon Kathleen Baxter is not
opposed to the motion being granted. Without passing on the merits of the appeal, Jeffrey
David Baxter's motion is granted and the appeal is hereby dismissed. Tex. R. App. P.
42.1(a)(1). Having dismissed the appeal at Mr. Baxter's request, no motion for rehearing
will be entertained, and our mandate will issue forthwith.


 Patrick A. Pirtle

 Justice





til the inmate’s release; (5) whether the inmate can and will offer admissible, non-cumulative testimony that cannot be effectively presented by deposition, telephone, or some other means;\
(6) whether the inmate’s presence is important in judging his demeanor and credibility; (7) whether the trial\
is to the court or a jury; and (8) the inmate’s probability of success on the merits. Id. at 165-66.
\
'

function WPShow( WPid, WPtext )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'visible'" );
 else
 {
 if( floatwnd == 0 || floatwnd.closed )
 floatwnd = window.open( "", "comment", "toolbars=0,width=600,height=200,resizable=1,scrollbars=1,dependent=1" );
 floatwnd.document.open( "text/html", "replace" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( "\r\n" );
 floatwnd.document.write( "
\r\n" );
 floatwnd.document.write( WPtext );
 floatwnd.document.write( '
Close');
 floatwnd.document.write( "
" );
 floatwnd.document.close();
 floatwnd.focus();
 }
}

function WPHide( WPid )
{
 if( bInlineFloats )
 eval( "document.all." + WPid + ".style.visibility = 'hidden'" );
}







NO. 07-09-0265-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 1, 2009

______________________________


IN RE RANDY LACKEY, RELATOR

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          By this original proceeding, Relator, Randy Lackey, an inmate currently incarcerated
in the Institutional Division of the Texas Department of Criminal Justice, proceeding pro se
and in forma pauperis, seeks a writ of mandamus to compel the Honorable Gordon Green,
Judge of the 287th District Court of Bailey County, to consider and rule on a brief and
motions and proceed to trial or final judgment. For the reasons herein, Relator’s request
for mandamus relief is denied. 
Background Facts
          According to exhibits attached to Relator’s petition, Real Party in Interest, Robert
McCool, an attorney, was retained to represent Relator in a forfeiture proceeding pending
in Bailey County and a criminal proceeding pending in Lubbock County. After McCool
failed to appear for a hearing scheduled in the forfeiture proceeding, judgment was
rendered against Relator resulting in loss of personal property in the amount of $12,256. 
Relator then sued McCool for legal malpractice in 2002. In 2003, the trial court ordered
the suit abated due to the pendency of a similar malpractice suit in the 72nd District Court
of Lubbock County. On April 5, 2004, the trial court ordered the parties to file briefs
itemizing the issues to be litigated. Relator was given thirty-five days in which to file his
brief and McCool was given thirty days after the date Relator’s brief was filed in which to
respond.
          Relator filed a brief distinguishing the two lawsuits. Although Relator’s brief is not
file stamped, the certificate of service reflects that a copy was mailed to McCool on May
5, 2004. Relator explained that the malpractice suit pending in the 72nd District Court of
Lubbock County was for McCool’s failure to appear in Relator’s criminal trial for theft, while
the malpractice suit filed in the 287th District Court of Bailey County was for McCool’s
failure to appear for Relator’s forfeiture proceeding. According to Relator, the issues to be
resolved in his malpractice suit resulting from McCool’s failure to appear at the forfeiture
proceeding are whether McCool was obligated to appear and whether he is liable for the
damages resulting therefrom. 
          According to Relator’s petition for writ of mandamus, McCool failed to file his brief
as ordered by the trial court. On February 23, 2009, Relator filed, among other documents,
“Plaintiff’s Request for Jury Trial with Brief in Support” and “Plaintiff’s Motion for Leave of
the Court to File His First Amended Petition.” By correspondence dated March 16, 2009,
Relator reminded the Bailey County District Clerk of his earlier filings and noted that if he
did not hear anything in fourteen days, he would be seeking mandamus relief in this Court. 
          Relator was notified by letter from the District Clerk on March 27, 2009, that all his
correspondence had been made available to the judge. She advised him that the judge
sets all hearing dates and at that time, she had no settings in the case.



Mandamus Standard of Review
          “Mandamus issues only to correct a clear abuse of discretion or the violation of a
duty imposed by law when there is no other adequate remedy by law.” Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting Johnson v. Fourth Court of
Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to
mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2)
a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843,
846 (Tex. 1979).
          Relator asks this Court to compel Judge Green to rule on his brief and motions in
which he requests to proceed to trial or final judgment. We recognize that an inmate has
the constitutional right of access to the courts and may not be denied access simply
because he is incarcerated. Hudson v. Palmer, 468, 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d
393 (1984); In re Z.L.T., 124 S.W.3d 163, 165 (Tex. 2003).


 However, an inmate does not
have an absolute right to appear in person in every court proceeding. Id. at 165. 
Therefore, before the trial court has a duty to schedule a trial, Relator has the burden to
establish that he will be ready to prosecute his claim. 
          Nothing in the documents filed in this Court reflects that Relator would be able to
appear for a trial setting. In the proceeding below he is appearing pro se. There is no
indication that he has retained or intends to retain counsel to represent his interests; nor
does he suggest that he will be released from incarceration in the near future and be able
to represent himself; neither has he demonstrated that he requested and was denied a
bench warrant ad prosequendam.


 
          Mandamus relief is an extraordinary remedy. In re Southwestern Bell Telephoen
Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007) (original proceeding). We decline to compel
Judge Green to set a trial date without Relator providing him the factual information
necessary to do so. At this time, Relator has not demonstrated that Judge Green clearly
abused his discretion or violated a duty imposed by law.
          Consequently, Relator’s petition for writ of mandamus is denied.




                                                                           Patrick A. Pirtle

                                                                                 Justice