NO. 07-09-0265-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 1, 2009

_____

IN RE RANDY LACKEY, RELATOR

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

By this original proceeding, Relator, Randy Lackey, an inmate currently incarcerated in the Institutional Division of the Texas Department of Criminal Justice, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the Honorable Gordon Green, Judge of the 287th District Court of Bailey County, to consider and rule on a brief and motions and proceed to trial or final judgment. For the reasons herein, Relator's request for mandamus relief is denied.

**Background Facts**

According to exhibits attached to Relator's petition, Real Party in Interest, Robert McCool, an attorney, was retained to represent Relator in a forfeiture proceeding pending

in Bailey County and a criminal proceeding pending in Lubbock County. After McCool failed to appear for a hearing scheduled in the forfeiture proceeding, judgment was rendered against Relator resulting in loss of personal property in the amount of $12,256. Relator then sued McCool for legal malpractice in 2002. In 2003, the trial court ordered the suit abated due to the pendency of a similar malpractice suit in the 72nd District Court of Lubbock County. On April 5, 2004, the trial court ordered the parties to file briefs itemizing the issues to be litigated. Relator was given thirty-five days in which to file his brief and McCool was given thirty days after the date Relator's brief was filed in which to respond.

Relator filed a brief distinguishing the two lawsuits. Although Relator's brief is not file stamped, the certificate of service reflects that a copy was mailed to McCool on May 5, 2004. Relator explained that the malpractice suit pending in the 72nd District Court of Lubbock County was for McCool's failure to appear in Relator's criminal trial for theft, while the malpractice suit filed in the 287th District Court of Bailey County was for McCool's failure to appear for Relator's forfeiture proceeding. According to Relator, the issues to be resolved in his malpractice suit resulting from McCool's failure to appear at the forfeiture proceeding are whether McCool was obligated to appear and whether he is liable for the damages resulting therefrom.

According to Relator's petition for writ of mandamus, McCool failed to file his brief as ordered by the trial court. On February 23, 2009, Relator filed, among other documents,

2

"Plaintiff's Request for Jury Trial with Brief in Support" and "Plaintiff's Motion for Leave of the Court to File His First Amended Petition." By correspondence dated March 16, 2009, Relator reminded the Bailey County District Clerk of his earlier filings and noted that if he did not hear anything in fourteen days, he would be seeking mandamus relief in this Court.

Relator was notified by letter from the District Clerk on March 27, 2009, that all his correspondence had been made available to the judge. She advised him that the judge sets all hearing dates and at that time, she had no settings in the case.[1]

## Mandamus Standard of Review

"Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding), quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

---

[1]In his petition for writ of mandamus, Relator assumes his request to the trial court has been refused. He recites "the Clerk of the Court stated that she had submitted the documents to the judge (Respondent). Thus, Relator's request has been refused." However, the limited record filed with the petition for writ of mandamus does not include any orders denying him any relief. If the trial court had ruled on his motions, mandamus would not lie.

Relator asks this Court to compel Judge Green to rule on his brief and motions in which he requests to proceed to trial or final judgment. We recognize that an inmate has the constitutional right of access to the courts and may not be denied access simply because he is incarcerated. *Hudson v. Palmer*, 468, 517, 523, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003).[2] However, an inmate does not have an absolute right to appear in person in every court proceeding. *Id.* at 165. Therefore, before the trial court has a duty to schedule a trial, Relator has the burden to establish that he will be ready to prosecute his claim.

Nothing in the documents filed in this Court reflects that Relator would be able to appear for a trial setting. In the proceeding below he is appearing *pro se.* There is no indication that he has retained or intends to retain counsel to represent his interests; nor does he suggest that he will be released from incarceration in the near future and be able to represent himself; neither has he demonstrated that he requested and was denied a bench warrant *ad prosequendam*.[3]

---

[2]There is no absolute right to be present in a civil action, and access may be by other means such as affidavit, deposition, or telephone. *See In re R.C.R.*, 230 S.W.3d 423, 426 (Tex.App.–Fort Worth 2007, no pet.).

[3]Merely requesting a bench warrant for purposes of prosecuting a civil lawsuit does not demonstrate entitlement to a bench warrant. In addition to requesting a bench warrant, Relator must also justify the need for his presence, which must be weighed against the protection of our correctional system's integrity. *See In re Z.L.T.*, 124 S.W.3d at 165. Texas courts of appeal have recognized a variety of factors to be considered when deciding whether to grant an inmate's request for a bench warrant *ad prosequendam*: (1) the cost and inconvenience of transporting the inmate to the courtroom; (2) the security risk the inmate presents to the court and public; (3) whether the inmate's claims are substantial; (4) whether the matter's resolution can reasonably be delayed until the inmate's release; (5) whether the inmate can and will offer admissible, non-cumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; (6) whether the inmate's presence is important in judging his demeanor and credibility; (7) whether the trial is to the court or a jury; and (8) the inmate's probability of success on the merits. *Id.* at 165-66.

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephoen Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (original proceeding). We decline to compel Judge Green to set a trial date without Relator providing him the factual information necessary to do so. At this time, Relator has not demonstrated that Judge Green clearly abused his discretion or violated a duty imposed by law.

Consequently, Relator's petition for writ of mandamus is denied.


Patrick A. Pirtle
Justice