NO. 07-10-00079-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 

 MARCH 23, 2010



 



 

IN RE JOHNNY HINOJOS LUNA, RELATOR



 



 

 

Before QUINN,
C.J., and CAMPBELL and HANCOCK, JJ.

 

 

MEMORANDUM OPINION

 

 

Relator, Johnny Hinojos Luna, has filed a petition for writ of mandamus
requesting this Court to issue a writ of mandamus ordering respondent, the
Honorable Ana Estevez, to vacate a judgment entered in cause number
33548-C.  We deny the petition.

Texas Rule of Appellate Procedure 52.3 identifies the
requirements for a petition for writ of mandamus filed in this Court.  Rule 52.3(k)(1)(A) provides that the appendix
to a petition for writ of mandamus must contain a certified or sworn copy of
any order complained of or any other document showing the matter complained
of.  Luna has appended only an unsworn
and non-certified copy of the judgment entered against him in cause number
33548-C.  Luna has not appended a copy of
any order denying his motion to set aside and vacate the judgment in cause
number 33548-C.  As Luna’s request for
mandamus relief relates to the denial of Luna’s motion, rather than the
underlying judgment, he has failed to comply with the requirements of Rule
52.3.

However,
Luna’s petition is inconsistent.  In the
first paragraph, he complains that Judge Estevez refuses to rule on his
motion.  However, his statement of facts
indicates that Judge Estevez “promptly denied” the motion.  To the extent that Luna’s petition is
premised on the trial court’s refusal to rule on his motion, the trial court is
afforded a reasonable time in which to perform this ministerial duty.  Barnes v. State, 832
S.W.2d 424, 426 (Tex.App.--Houston [1st
Dist.] 1992, orig. proceeding). 
Whether the trial court has failed to act within a reasonable time is
dependent upon the circumstances of the case. 
Id.  To establish
entitlement to mandamus relief, the relator must
establish that the trial court had a legal duty to perform a non-discretionary
act, relator made demand for performance, and the
court refused to perform.  Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).  Luna has failed to show that he made an
appropriate demand for performance and, consequently, cannot show that the trial
court refused to perform.  A court is not
required to consider a motion not called to its attention.  Metzger v. Sebek, 892 S.W.2d 20, 49 (Tex.App.--Houston
[1st Dist.] 1994, writ denied).

Further, while a trial court has a ministerial duty to
consider and rule on motions properly filed and pending before the court, the
court is afforded a reasonable time in which to perform its ministerial
duty.  Safety-Kleen Corp., 945 S.W.2d at 269. 
Whether a reasonable time has lapsed depends on the facts of each case.  Barnes, 832 S.W.2d
at 426.  Factors relevant in
determining whether a reasonable time has lapsed include whether the trial
court had actual knowledge of the motion, its overt refusal to act, the state
of its docket, and other judicial and administrative duties which must be
addressed first.  In re Villarreal,
96 S.W.3d 708, 711 (Tex.App.--Amarillo 2003, orig.
proceeding).  As addressed above, nothing
in the record before us establishes that Luna=s motion was ever
brought to the attention of the trial court. 
Further, no overt refusal to act is shown, no evidence of the state of
the trial court=s docket is provided, and there is no
evidence of whether the trial court must afford other judicial or
administrative duties priority.  It is
the burden of the party requesting relief to provide a record sufficient to
establish his entitlement to mandamus relief. 
See Walker v. Packer, 827 S.W.2d 833, 837 (Tex. 1992)
(orig. proceeding); In re Bates, 65 S.W.3d 133, 135 (Tex.App.--Amarillo
2001, orig. proceeding). 

While the above is sufficient to justify denial of Luna’s
petition, in the interest of judicial economy, we will briefly address certain
aspects of Luna’s petition.  Luna
contends that, in 1995, the punishment he received in cause number 33548-C was
void because it was entered without Luna expressly waiving his right to have
punishment assessed by a jury. 
Generally, the judge is responsible for assessing punishment after a
finding of guilty is returned unless either the defendant has filed a sworn
motion for community supervision before the trial began in a case in which
community supervision may be recommended or the defendant has made a written
election to have the jury assess punishment before commencement of voir dire of the jury panel.  Tex. Code Crim. Proc. Ann. art.
37.07, § 2(b) (Vernon Supp. 2009).  Luna
has failed to provide any evidence that either of these exceptions applied to
his case.  Further, the judgment provides
that Luna waived his right to a jury in cause number 33548-C and that the sentence
was the result of a plea bargain agreement that was accepted by the trial
court.

Further, mandamus is an extraordinary remedy that is
unavailable when adequate remedies are available at law.  Walker, 827 S.W.2d
at 839.  Luna has wholly failed to
identify why this issue was not raised during his direct appeal of this action
or how it was not capable of being presented at that time.  Since it appears that Luna could have
obtained redress by way of ordinary appeal, as a result, he has failed to
establish his entitlement to mandamus relief.

For the foregoing reasons, Luna=s petition for
writ of mandamus is denied.

 

                                    

 

                                    Mackey K.
Hancock

                                    Justice