NO. 07-11-0369-CV

 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL C

 OCTOBER 5, 2011
 
 ______________________________
 
 
 IN RE EMILIO CHAVEZ, JR., RELATOR

 ______________________________

 ORIGINAL PROCEEDING ARISING OUT OF PROCEEDINGS 
 BEFORE THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;
 NO. 2010-428,968; HONORABLE JIM B. DARNELL, JUDGE
 
 _______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 By this original mandamus proceeding, Relator, Emilio Chavez, Jr., an inmate proceeding pro se and in forma pauperis, seeks to compel the Honorable Jim Bob Darnell to grant his motion for new trial and allow him to appeal his conviction in trial court cause number 2010-428,968. For the reasons expressed herein, we deny Relator's request.
 Mandamus Standard of Review
Mandamus relief is an extraordinary remedy. In re Southwestern Bell Telephone Co., L.P., 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting Johnson v. Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. Stoner v. Massey, 586 S.W.2d 843, 846 (Tex. 1979).
 Analysis
 Initially, we address Relator's failure to comply with most of the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. Relator's petition does not include the following: Identity of Parties, Table of Contents, Index of Authorities, Statement of the Case, Issues Presented, Statement of Facts, Certification, and Appendix. See generally Tex. R. App. P. 52.3(a) - (k). Most importantly, Relator did not include a certified or sworn copy of the motion for new trial of which he complains. See id. at (k)(1)(A).
 According to Relator's petition, on June 9, 2011, while at his parole review hearing, he learned for the first time that the evidence against him was insufficient to support his conviction. He then sought permission from the trial court to appeal his conviction. The only document filed with his petition is a letter from Judge Darnell in which he explains that Relator entered into a plea bargain, agreed to waive his right of appeal and executed a certification of defendant's right to appeal to that effect. Judge Darnell also advised him that regardless of the certification, Relator failed to timely file a notice of appeal from his conviction.
Recognizing that pro se filings may be reviewed less stringently than those filed by attorneys, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), a party proceeding pro se must still comply with rules of procedure. See Mansfield State Bank v. Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978). Even if we were to review Relator's request for mandamus relief with patience and liberality, he has not satisfied his burden to provide a sufficient record to enable this Court to consider his complaint. See Walker, 827 S.W.2d at 837. Therefore, Relator has failed to establish his entitlement to mandamus relief. 
Consequently, Relator's petition for writ of mandamus is denied.
 Patrick A. Pirtle
 Justice