NO. 07-11-0369-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

OCTOBER 5, 2011

_____


IN RE EMILIO CHAVEZ, JR., RELATOR

_____


ORIGINAL PROCEEDING ARISING OUT OF PROCEEDINGS
BEFORE THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;
NO. 2010-428,968; HONORABLE JIM B. DARNELL, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

By this original mandamus proceeding, Relator, Emilio Chavez, Jr., an inmate proceeding *pro se* and *in forma pauperis*, seeks to compel the Honorable Jim Bob Darnell to grant his motion for new trial and allow him to appeal his conviction in trial court cause number 2010-428,968.[1] For the reasons expressed herein, we deny Relator's request.

---

[1]According to Relator's application, he plead guilty on February 15, 2011, and, pursuant to a plea bargain, was sentenced to four years confinement. Relator contends there is "newly discovered" evidence of his actual innocence.

## Mandamus Standard of Review

Mandamus relief is an extraordinary remedy. *In re Southwestern Bell Telephone Co., L.P.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). "Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding) (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). To show entitlement to mandamus relief, a relator must satisfy three requirements: (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

## Analysis

Initially, we address Relator's failure to comply with most of the mandatory requirements of Rule 52.3 of the Texas Rules of Appellate Procedure. Relator's petition does not include the following: Identity of Parties,[2] Table of Contents, Index of Authorities, Statement of the Case, Issues Presented, Statement of Facts, Certification, and Appendix. *See generally* Tex. R. App. P. 52.3(a) - (k). Most importantly, Relator did not include a certified or sworn copy of the motion for new trial of which he complains. *See id.* at (k)(1)(A).

According to Relator's petition, on June 9, 2011, while at his parole review hearing, he learned for the first time that the evidence against him was insufficient to

---

[2]We are able to discern that his complaint is directed at the Honorable Jim Bob Darnell, Presiding Judge of the 140th District Court of Lubbock County.

support his conviction.  He then sought permission from the trial court to appeal his conviction.  The only document filed with his petition is a letter from Judge Darnell in which he explains that Relator entered into a plea bargain, agreed to waive his right of appeal and executed a certification of defendant's right to appeal to that effect.[3]  Judge Darnell also advised him that regardless of the certification, Relator failed to timely file a notice of appeal from his conviction.[4]

Recognizing that *pro se* filings may be reviewed less stringently than those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), a party proceeding *pro se* must still comply with rules of procedure.  *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978).  Even if we were to review Relator's request for mandamus relief with patience and liberality, he has not satisfied his burden to provide a sufficient record to enable this Court to consider his complaint.  *See Walker*, 827 S.W.2d at 837.  Therefore, Relator has failed to establish his entitlement to mandamus relief.

Consequently, Relator's petition for writ of mandamus is denied.


Patrick A. Pirtle
Justice


---

[3]Relator's petition was not accompanied by copies of his judgment of conviction, a certification of defendant's right of appeal, a motion for new trial or any other documents related to his request for mandamus relief.

[4]A timely notice of appeal is an essential jurisdictional requirement.  An out-of-time appeal may be requested by way of an application for a post-conviction writ of habeas corpus addressed to the Texas Court of Criminal Appeals.  Tex. Code Crim. Proc. Ann. art. 11.07 (West 2011).