

## In The
## Court of Appeals
## Seventh District of Texas at Amarillo

_____

No. 07-16-00340-CV

_____

IN RE LANDRY ROBERT LLOYD, RELATOR

Original Proceeding
Arising From Proceedings Before the 237th District Court
Lubbock County, Texas
Trial Court No. 2016-519,987; Honorable Les Hatch, Presiding

September 26, 2016

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Pending before this court is a *Motion for Emergency Relief* and a *Petition for Writ of Mandamus* filed by Relator, Landry Robert Lloyd. These filings are the result of a pending action in which Relator sued the Real Party in Interest, Kacey Jean Lloyd, for divorce. Relator seeks to compel the Honorable Les Hatch to vacate his order of August 1, 2016, denying Relator's *Motion to Disqualify* [Kacey's] *Counsel*. He also seeks emergency relief to prohibit Judge Hatch from entering any orders in the underlying divorce pending resolution of this mandamus proceeding.

For reasons expressed herein, Relator's *Petition for Writ of Mandamus* is denied. Because we deny the petition for mandamus relief, Relator's *Motion for Emergency Relief* is dismissed as moot.

BACKGROUND

According to Relator's petition, he filed for divorce in March 2016 and Kacey filed an answer and cross-suit. The issue before the trial court is the "wedding ring" and allegedly "missing earrings." The case was set for trial on August 1, 2016. At a pretrial conference held July 29, 2016, Kacey's counsel, Ronald Sanders, implied he was unaware of an affair involving Kacey and a third party. On the date of trial, however, Relator claimed to have evidence that Sanders had personal knowledge of Kacey's adultery and fraud on the community estate and would "certainly be called as a witness" in the underlying divorce action. He sought Sanders's removal under Rule 3.08(a) of the Texas Disciplinary Rules of Professional Conduct and Comment 4 thereto.[1] The trial court denied Relator's motion.

In support of his petition for writ of mandamus, Relator has attached copies of Facebook photos and postings which he claims demonstrate that Sanders had knowledge of an affair involving Kacey. He maintains the copies of the photos show Kacey wearing the "missing earrings." Relator asserts that Sanders is tagged in posts and photos from the relevant time periods. Relator concludes with an allegation that he

---

[1] Rule 3.08(a) provides in relevant part that a lawyer shall not accept or continue employment as an advocate before a tribunal . . . if the "lawyer knows or believes that the lawyer is or may be a witness necessary to establish an essential fact . . . ." Tex. Disciplinary Rules Prof'l Conduct R. 3.08(a), *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G., app. A (West 2013).

2

will suffer prejudice if Sanders continues as Kacey's lawyer in the underlying divorce action.

With the scant record before us, the clerk of this court made an inquiry with the trial court's coordinator to determine whether any order had been entered or whether any hearings were pending. The response was that Relator's attorney left the final hearing on August 1, 2016, before it concluded to prepare the pending petition for writ of mandamus and that, at this time, no other hearings were pending in the trial court and there was nothing to indicate a final decree of divorce had been approved and signed.

MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator shows that the trial court abused its discretion and that no adequate appellate remedy exists. *In re H.E.B. Grocery Co.*, *L. P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). A relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding). A relator must also show (1) a legal duty to perform; (2) a demand for performance; and (3) a refusal to act. *Stoner v. Massey*, 586 S.W.2d 843, 846 (Tex. 1979).

Pursuant to Rule 52.3 of the Texas Rules of Appellate Procedure, a relator must present a sufficient record showing entitlement to relief and fully comply with the requirements of the rule. *Walker*, 827 S.W.2d at 837. Essential in availing oneself of the remedy of mandamus is the requirement of a certified or sworn copy of the complained-of-order or any other document showing the matter complained of. TEX. R.

APP. P. 52.3(k)(1)(A). Relator did not provide this court with a certified or sworn copy of the trial court's order denying his *Motion to Disqualify Counsel*.

Rule 52.7(a) of the Texas Rules of Appellate Procedure entitled *Filing by Relator Required* mandates that a relator file not only a copy of the order complained of, but also "a properly authenticated transcript of any relevant testimony from any underlying proceeding . . . or a statement that no testimony was adduced . . . ." TEX. R. APP. P. 52.7(a); *In re Ahmad*, No. 14-16-00620-CR, 2016 Tex. App. LEXIS 101184, at *2 (Tex. App.—Houston [14th Dist.] Sept. 15, 2016, orig. proceeding). Although supplementation is permitted by Rule 52.7(b), it presupposes that a record was filed.

Here, the only document included in the appendix to Relator's petition is a copy of his *Motion to Disqualify Counsel* containing copies of what Relator purports to be relevant evidence consisting of Facebook photos and postings. This court will not accept unsupported and unauthenticated copies of Facebook photos and postings as evidence in support of a mandamus petition.

Relator has not provided this court with a sufficient record to establish a clear abuse of discretion by Judge Hatch and that an appeal is an inadequate remedy. Consequently, Relator has not established entitlement to relief by extraordinary means, i.e., a writ of mandamus.

MOTION FOR EMERGENCY RELIEF

Relator also requests that this court grant emergency relief by issuing an order prohibiting Judge Hatch from entering any final orders in the underlying divorce while

4

his petition for mandamus relief is pending. Because we deny the petition for mandamus relief, we find the request for emergency relief to be moot.

CONCLUSION

Relator's *Petition for Writ of Mandamus* is denied and his *Motion for Emergency Relief* is dismissed as moot.

Per Curiam